People ex rel. Ignatz Wohl, Plaintiff, *v.* John P. Leo et al., Constituting the Board of Appeals of the City of New York, Defendants.

(Supreme Court, Queens Special Term, December, 1919.)

Certiorari — building zone resolution, § 6 — meaning of word " use " — jurisdiction of board of appeals — Greater New York Charter, §§ 719, 719-a.

   The word " use " in section 6 of the building zone resolution means that property of a thing which renders it suitable for a purpose.

   Where the plan of a building designed and constructed for business is not structurally changed, its use for business exists although it may be actually occupied as a dwelling.

Where the superintendent of buildings in the city of New York, having no discretion in the matter, determines that a proposed alteration in a building is forbidden by section 6 of the building zone resolution and although the board of appeals under section 719 of the Greater New York charter has jurisdiction to review the determination of such superintendent, its decision affirming the same is subject to review by a writ of certiorari under section 719-a of the charter.

Upon certiorari to review the decision of the board of appeals affirming that of the superintendent of buildings denying relator's application for the alteration of the second floor of his building and its use for factory purposes, he was not precluded from contending that section 6 of the building zone resolution, under the circumstances presented, did not forbid the proposed alteration, and the determination of the superintendent to the contrary was erroneous, and the decision of the board of appeals will be reversed and relator's application granted.

HEARING upon the return to a writ of certiorari to review a decision of the board of appeals of the city of New York.

William H. Good, for plaintiff.

William P. Burr, corporation counsel (William T. Kennedy, of counsel), for defendants.

SCUDDER, J.   This certiorari proceeding was instituted by the relator under section 719-a of the Greater New York charter.   The material facts, as shown by the return to the writ and the evidence adduced before this court, are as follows:

In 1915 the relator constructed a building of two stories which was planned and constructed throughout for a dyeing and cleaning establishment.   The top floor thereafter was partitioned off with light plaster board sectional partitions, held up with light wooden stud trim to make dwelling rooms.   Relator lived in these rooms, using the first floor only for factory purposes.

29

This was the situation in 1916 when the residence district, which included relator's property, was created and the building zone resolution went into effect. In March, 1919, relator having acquired an adjoining house in which to live, filed with the superintendent of buildings an application to remove the plaster-board partitions and to extend to the second floor the business which he carried on in the first floor. The superintendent of buildings disapproved his application for the following reason: " This proposed change would be contrary to section 6 of the Zone Resolution."

Relator's application to the board of appeals to review the decision of the superintendent of buildings was in form an application to that board for a modification of section 6 of the building zone resolution in the exercise of the discretionary power vested in the board by section 7 of the resolution. Upon this application the board of appeals decided as follows: " Resolved that the decision of the Superintendent of Buildings be and it is hereby affirmed, and that the application be and it hereby is denied."

It seems to me that the relator is not precluded by the form of his application to the board of appeals from contending here that section 6 of the building zone resolution, under the circumstances presented, did not forbid the alteration of the second floor of relator's building and its use for factory purposes, and that the determination of the superintendent to the contrary was therefore erroneous.

The superintendent of buildings could not exercise discretion. He had none. His determination that the proposed alteration was forbidden by section 6 of the building zone resolution was purely a determination of law. The board of appeals had jurisdiction to review the superintendent's decision under section 719 of the Greater New York charter. In affirming the

superintendent's decision the board exercised its appellate jurisdiction and passed on the question of law involved. It seems to me also that the facts presented and the discussion which took place at the hearing before the board were sufficient to apprise it of the dispute as to the law.

The portions of section 6 of the building zone resolution, which are relevant to the state of facts presented in this case, are as follows:

" § 6. Existing Buildings and Premises. (a) Any use existing in any building or premises at the time of the passage of this resolution and not conforming to the regulations of the use district in which it is maintained may be continued therein. No existing building designed, arranged, intended or devoted to a use not permitted by this article in the district in which such use is located shall be enlarged, extended, reconstructed or structurally altered unless such use is changed to a use permitted by this article in the district in which such building is located. Such building may, however, be reconstructed or structurally altered to an extent not greater than 50 per cent. of the value of the building, exclusive of foundations, provided that no use of such building is changed or extended, except as authorized in paragraph b of this section, * * *.

" (b) Any use existing in any building or premises at the time of the passage of this resolution and not conforming to the regulations of the use district in which it is maintained may be changed, and such use may be extended throughout the building, provided that in either case:

" (1) No structural alterations shall be made in the building, except as authorized in paragraph a of this section, and

Supreme Court, December, 1919. [Vol. 109.

" (2) In a residence district no portion of a building devoted to a use included in subdivision 1 of section 3 shall be changed to any use prohibited in a residence district, * * *."

The meaning of the word " use " is not confined to describing the act of using, but may also be employed to describe that property of a thing which renders it suitable for a purpose. It seems to me that it is in this latter meaning that the word " use " is employed in section 6 of the resolution.

The use of a building designed and constructed for business is for business, and its use for business exists where the plan of the building is not structurally changed, although it may be actually occupied as a dwelling. In such a case the building remains available for business notwithstanding its temporary use for a purpose for which it was not designed.

The plaster-board partitioning of the second floor of relator's building was temporary in its character, and it was constructed so as to admit of its easy removal. The inherent plan and structure of the second floor was not altered, and its availability for business remained. The floor could be readily rendered available for business purposes without structural changes in the building by simply knocking down the light partitions.

Decision of the board of appeals affirming the decision of the superintendent of buildings and denying relator's application reversed, and application granted. No costs.

Application granted, no costs.