In the Matter of CHARLES O. EATON, Appellant, against EDWARD C. SWEENY, as Commissioner of Public Safety of the City of Saratoga Springs, Respondent.

(Argued June 15, 1931; decided July 15, 1931.)

*David W. Burke, William E. Bennett* and *Stephen H. Keating* for appellant.   On the facts shown in the petition and by the issues raised the petitioner was entitled either to a peremptory mandamus order or an alternative mandamus order.   (*Isenbarth* v. *Bartnett,* 205 App. Div. 845; 206 App. Div. 546; 237 N. Y. 617; *Matter of Goldberg* v. *Walsh,* 215 App. Div. 396; 242 N. Y. 346; *People* v. *R., W. & O. R. R. Co.,* 103 N. Y. 95; *People ex rel. Lazarus* v. *Coleman,* 99 App. Div. 88; *People ex rel. Clements* v. *Williams,* 100 Misc. Rep. 578; *Rexford Flats* v. *Canal Board,* 168 App. Div. 558; *Jones* v. *Willcox,* 80 App. Div. 167; *Willerup* v. *Village,* 120 Misc. Rep. 485; *Prescott* v. *Pierce,* 130 Misc. Rep. 63; *Matter of Radcliffe* v. *Livingston,* 223 App. Div. 862; *Matter of Isbister* v. *Isbister,* 215 App. Div. 838; *Matter of Merritt* v. *Isbister,* 215 App. Div. 838; *Matter of Longlast Holding Corp.* v. *Vrooman,* 218 App. Div. 855; *Matter of Hillsley* v. *Vrooman,* 218 App. Div. 855; *Matter of Williams* v. *Barrett,* 228 App. Div. 668; *Foxmeadows Estate* v. *Livingston,* 137 Misc. Rep. 22; *Matter of Alexe* v. *Isbister,* 215 App. Div. 838.)   Peti-

tioner's premises fronting on a main business thoroughfare, are adaptable for use and development for business and unfit for future development as residential or hotel property and should, therefore, be zoned for business use. (*People ex rel. Sheldon* v. *Board of Appeals*, 234 N. Y. 484; *People ex rel. Lankton* v. *Roberts*, 90 Misc. Rep. 439; 171 App. Div. 890.)

*John A. Slade* for respondent. There are no issues of fact and the court properly denied the application for an alternative order of mandamus. (*Matter of Stubbe* v. *Adamson*, 220 N. Y. 459; *Matter of Poucher* v. *Berry*, 249 N. Y. 16; *People ex rel. Fordham M. R. Church* v. *Walsh*, 244 N. Y. 280; *People ex rel. Lieberman* v. *Vandecarr*, 81 App. Div. 128; 175 N. Y. 440; *Mayor* v. *D. D., E. B. & B. R. R. Co.*, 133 N. Y. 104; *City of Brooklyn* v. *Nassau El. R. R. Co.*, 38 App. Div. 365.) The defendant was justified in refusing a permit for the erection of a dining car restaurant on petitioner's property as such a structure thereon was prohibited by the zoning ordinance of the city of Saratoga Springs. (*Matter of Empire City Racing Assn.* v. *City of Yonkers*, 132 Misc. Rep. 816; *Matter of Jewell* v. *Murphy*, 224 App. Div. 763; *Matter of Canberg* v. *Kleinart*, 225 App. Div. 875; *Matter of Goldenberg* v. *Walsh*, 215 App. Div. 376; 242 N. Y. 576; *Matter of Boyd* v. *Walsh*, 217 App. Div. 461; 244 N. Y. 512; *Caponi* v. *Walsh*, 228 App. Div. 86; *Fox Lane Corp.* v. *Mann*, 216 App. Div. 813; 243 N. Y. 550; *Sagamore Road Corp.* v. *Lee*, 224 App. Div. 744; 250 N. Y. 532.) The ordinance is a valid exercise of the police power and is neither unreasonable, discriminatory nor an invasion of any of the petitioner's constitutional rights. (*Geiger* v. *City of Saratoga Springs*, 227 App. Div. 642; *Rice* v. *Van Vranken*, 132 Misc. Rep. 82; 225 App. Div. 179; *North Pelham* v. *Ohliger*, 216 App. Div. 728; 245 N. Y. 593; *Matter of Falvo* v. *Kerner*, 222 App. Div. 289; *Lincoln Trust Co.* v. *Williams Bldg. Corp.*, 229 N. Y. 313; *City of Utica* v. *Hanna*, 202 App. Div. 610; *Goldenberg* v.

*Walsh,* 215 App. Div. 396; 242 N. Y. 576; *People ex rel.
Boyd* v. *Walsh,* 217 App. Div. 461; 244 N. Y. 512; *People
ex rel. Fordham M. R. Church* v. *Walsh,* 244 N. Y. 280;
*Matter of Home for Hebrew Infants* v. *Hand R. Corp.,*
131 Misc. Rep. 581; *Building Inspector* v. *Stocklosa,* 145
N. E. Rep. 262; *Magruder* v. *Redwood City,* 265 Pac.
Rep. 806; *Zahn* v. *Board of Public Works,* 195 Cal. 297;
274 U. S. 325; *Spencer-Stula Co.* v. *City of Memphis,* 209
S. W. Rep. 608; *City of Aurora* v. *Burns,* 319 Ill. 84.)

*Spencer B. Eddy* for Saratoga Springs Commission,
*amicus curiæ.*

CRANE, J.   Broadway, in the city of Saratoga Springs,
New York, runs north and south and is the main street
of the city.   A zoning ordiance has divided it into four
districts which, for the purposes of this case, may be
referred to as " Zone A," a residence district for private
dwellings; " Zone B," for apartment houses; " Zone C,"
for hotels, boarding houses, or sanitariums; and " Zone
D," unrestricted, a business district.

Zone D is north of Congress street, on the northwest
corner of which is the Grand Union Hotel.   South of
Congress street is the C district.   The relator, Charles
O. Eaton, owns property on the block between Congress
and William streets running back from Broadway to
Hamilton street on the west.   The property is now
vacant and he desires to use it for a lunch wagon or
restaurant.   He applied to the Supreme Court for a
mandamus to compel the Commissioner of Public Safety
to issue to him a permit for such use.   His prayer was for
either a peremptory or alternative order.   His previous
application to the Commissioner was denied.

Section 6 of the ordinance reads as follows:

" Section 6. Amendments, Alterations and Changes.
The City Council may from time to time, on petition,
after public notice and hearing, amend or change the
regulations and Zones herein established.   Whenever the

owners of 50 per cent or more of the frontage on any block front and the block front facing it, shall present a petition duly signed, to the City Council requesting an amendment, alteration or repeal of the regulations prescribed for such block front. It shall be the duty of the Council to vote upon said petition within 90 days after the filing of the same by the petitioners, with the Council. If, however, a protest against such amendment, alteration or repeal is presented signed by the owners of 20 per cent or more of the frontage in the rear or directly opposite the frontage proposed to be altered, such amendment, alteration or repeal shall not be passed except by the four-fifth vote of the Council."

No other provision is made in the ordinance for the variation of a use or of the regulations, and no method for review of the action of the City Council or of the Commissioner of Public Safety is prescribed. Section 8 permits the continuation of non-conforming uses in the following words:

" Section 8. A non-conforming use existing or authorized by a lease in writing duly executed at the time of the passage of this ordinance may be continued. But such non-conforming use shall not be extended, nor shall a structure designed, arranged or intended for a non-conforming use in whole or in a part be enlarged except for a conforming use."

The relator recognizes that all zoning ordinances inflict a burden or irritating restriction upon some property owner, but he claims that in his case Zone C prevents him from making any profitable use of his property and deprives him of it without due process of law. He cannot build a sanitarium or a hotel, and the location is unsuited for a private dwelling or a boarding house. Business is the only profitable use to which the property can be turned. The situation gives substance to his claim. For twenty-five years the lot was used for business purposes. The Hudson Valley Railway Com-

pany and the Delaware and Hudson Company used it as a freight and passenger terminal. Sheds and tracks were on the petitioner's premises when the Zoning Ordinance was enacted. In 1922 and 1923 a gasoline filling station and a parking stand for automobiles occupied portions of the property. Since the enactment of the ordinance in 1924 the lot has been used at various times for the sale of used automobiles and as a parking space for automobiles for hire and as a taxi stand.

On the west side of Broadway, between William and Congress streets, there is a vacant lot, novelty store and refreshment business, a residence, the ground floor of which is used as an institution giving massage and irrigation treatments, a summer hotel, barber shop, petitioner's premises, and a trolley station containing a restaurant, cigar and novelty store fronting on Broadway. All the improved property on the south side of Congress street west to Hamilton street, abutting on the north line of petitioner's premises, is business property, consisting of a restaurant, wall paper and paint store, public garage and machine shop, storage warehouses and laundry. On Hamilton street, which bounds petitioner's property in the rear, there are two garages, spring water storehouse and a plumbing shop, while directly in the rear is a large building used as headquarters for the colored help of the Grand Union Hotel. Opposite the Eaton property on the east side of Broadway there is a city park, a large public garage, the convention hall, Masonic Association buildings and a hotel.

The petition of the relator states that he was using his property for parking automobiles and for the taxi business until the 19th of July, 1930, when he was ordered by the Commissioner of Public Safety to discontinue the business and to remove the small building which was used for receiving telephone calls of patrons. The public authorities forced him out of business. He further states that he applied to the city council for a re-zoning of the

premises so as to permit him to do business on his property, and that his application was denied; that he further applied to the Commissioner of Public Safety for permission to construct and operate a restaurant on the property, and that this application was denied solely on the ground that such use was not permitted by the zoning classification. The relator in his reply affidavit states that his property cannot be used for residence or hotel purposes, that its only available use is for business, and that his investment of $20,000 produces no income because the city authorities by the Zoning Ordinance, have deprived him of any beneficial use of his land.

The affidavits in opposition deny many of the allegations of the petition and particularly that part which states that the property cannot be used for a dwelling or a boarding house. Here is a question of fact which should be determined by the court. The respondents do not deny that the relator's property has been used for business purposes, but say that under section 8 of the ordinance the relator may use the property for only such business purposes as were in operation at the time the ordinance was adopted in 1924 or prior thereto, to wit, railroad purposes. The restriction to a prior use may or may not be legal, according to circumstances. In this case if the relator has been deprived of all beneficial use of his property, if he cannot use it for business or for dwellings or boarding houses, then the city restriction is unreasonable and arbitrary as to him and should be modified so as to permit some profitable user in conformity to surrounding conditions. (*Sundlun* v. *Zoning Board of Pawtucket*, 50 R. I. 108; *Anderson* v. *Jester*, 206 Iowa, 452.) Eaton cannot be deprived of his property for the benefit of the city park or to advance the State's interest in the development of Saratoga. These, of course, are worthy and magnificent causes which do not seek to progress by depriving private citizens of their property without compensation. If the city of Saratoga Springs desires to

beautify the property adjoining its park and its entrances thereto, it cannot do so by the mere zoning process, if this results in rendering private property valueless. The division of cities and communities into zoned districts does much to preserve the health, safety and welfare of the community, but the burdens, as far as possible, must be equally distributed. (*Anderson* v. *Jester*, 206 Iowa, 452.) Hardships and difficulties there will be and many annoyances; these usually follow any restriction upon the free use of property. When, however, the adjustment becomes so one-sided as to be unreasonable and arbitrary, unnecessary to the preservation of the scheme and purpose as a whole, approaching the point where an owner is deprived of any beneficial or profitable use of his property, then the court should step in and afford relief. (See *People ex rel. St. Albans-Springfield Corp.* v. *Connell*, 257 N. Y. 73, and *Nectow* v. *Cambridge*, 277 U. S. 183.)

What are the facts in this case? Eaton claims that the uses of district C deprive him of all reasonable and beneficial use of his property. The respondent denies this and says that the property may be profitably used for a private dwelling or a boarding house. These facts must be determined before the court can act intelligently. An alternative order of mandamus should have issued.

The order of the Appellate Division and that of the Special Term should be reversed and the proceeding remitted to the Supreme Court with directions to issue an alternative order of mandamus to determine the questions of fact raised by the petition and the answering affidavits, with costs to abide the event.

CARDOZO, Ch. J., POUND, LEHMAN, KELLOGG, O'BRIEN and HUBBS, JJ., concur.

Ordered accordingly.