KNICKERBOCKER ICE CO. v. SPRAGUE
et al. (VON HENSLER et al.,
Interveners).

District Court, S. D. New York.
Aug. 24, 1933.

Dunnington, Gregg & Church, of New
York City (Walter G. Dunnington and Theo.
J. Miller, both of New York City, of coun-
sel), for complainant.

500

Whitman, Ransom, Coulson, & Goetz and George W. Hinckley, all of New York City (William L. Ransom, George W. Hinckley, and Edwin D. Kyle, Jr., all of New York City, of counsel), for Talbert W. Sprague and others.

John F. Condon, Jr., of New York City (Spier Whitaker, Edwin K. Bertine, and John F. Condon, Jr., all of New York City, of counsel), for G. B. Von Hensler and Clovelly Extension, Inc.

John J. Fogarty, of New York City, for Metropolis Brewing Co., Inc.

PATTERSON, District Judge.

The plaintiff owns a plot of land and building in the village of Pelham, Westchester county, and brings suit in equity to enjoin the village officers from enforcing a zoning ordinance and from refusing to issue a building permit. The refusal to issue the permit was on the ground that the proposed alterations to the building are for the operation of a brewery in alleged violation of the zoning ordinance of the village. The matter comes up on objections by some of the defendants to the amended and supplemental bill and on motion by the plaintiff for preliminary injunction.

The amended and supplemental bill, which will be referred to as the bill, shows that the plaintiff is a New Jersey corporation and that the defendants are citizens of New York. It is alleged that in addition to diversity of citizenship, the case presents a controversy involving the Fourteenth Amendment. After these introductory averments it is alleged that the plaintiff in 1919 acquired land in Pelham with a building which had theretofore been used as a brewery and which at all times was and still is arranged, designed, and intended for use as a brewery; that since its acquisition by the plaintiff the property has been continuously used for various manufacturing purposes. It is shown that in 1928 the village passed a zoning ordinance which set up residence districts and a business district, the plaintiff's property being placed in one of the residence districts. In May, 1933, the plaintiff leased part of the plant to the Metropolis Brewing Company, also a defendant, to be used as a brewery; it being a condition in the lease that in case brewing should be prohibited or prevented the lease should be cancelable. The Metropolis Brewing Company then undertook repairs to fit the property for brewing. The village officers, however, halted the work and refused to issue a building permit solely on the ground that the use of the property as a brewery would be in violation of the zoning ordinance; they threatened the plaintiff and its lessee with criminal proceedings if the work continued and stated that under no circumstances would the village tolerate the manufacture of beer in the plant. The plaintiff then alleges that the zoning ordinance is inapplicable because the premises had been continuously used for a brewery prior to the passage of any zoning ordinance; further, that the ordinance as applied to the property in question is unreasonable and void, the property being in a business neighborhood, below the street grade, an interior parcel, and therefore unsuitable for residential purposes. A copy of the 1928 ordinance is annexed to the bill.

The relief demanded is that the village officers be enjoined from enforcing the zoning ordinance and from refusing to grant a permit for the continuance of the work in equipping the place as a brewery. An injunction restraining the Metropolis Brewing Company from canceling the lease is also demanded.

1. The defendants' objections to the bill will be discussed first.

It is said that the bill is in reality nothing but a petition for mandamus and that the District Court has no jurisdiction to entertain such a suit. To the extent that the relief prayed for is to restrain the village officers from refusing to issue a building permit, the point is well taken. That measure of relief, though expressed in the form of a double negative, is the equivalent of a prayer for a direct command to issue the appropriate permit. Southern Leasing Co. v. Ludwig, 217 N. Y. 100, 111 N. E. 470. The law is settled that the District Courts of the United States have no jurisdiction of a suit for mandamus, except in aid of a jurisdiction previously acquired and except as may be authorized by statute in particular cases. Rosenbaum v. Bauer, 120 U. S. 450, 7 S. Ct. 633, 30 L. Ed. 743; Covington Bridge Co. v. Hager, 203 U. S. 109, 27 S. Ct. 24, 51 L. Ed. 111. This lack of jurisdiction to entertain mandamus proceedings cannot be overcome by converting the proceeding into a bill in equity for the same relief. Smith v. Bourbon County, 127 U. S. 105, 8 S. Ct. 1043, 32 L. Ed. 73; Pacific States Supply Co. v. San Francisco (C. C.) 171 F. 727; Herkness v. Irion (D. C.) 11 F.(2d) 386; Stevenson v. Holstein-Friesian Ass'n (C. C. A.) 30 F.(2d) 625. It is therefore beyond the power of the court to order the

defendants to issue the permit. But the bill also asks that the village officers be restrained from enforcing an ordinance charged not only to be inapplicable but also to be invalid as to the plaintiff's property. Equitable relief of this sort is within the jurisdiction of the court and will be granted in proper cases. Euclid v. Ambler Realty Co., 272 U. S. 365, 47 S. Ct. 114, 71 L. Ed. 303, 54 A. L. R. 1016; American Wood Products Co. v. Minneapolis (C. C. A.) 35 F.(2d) 657; Marblehead Land Co. v. Los Angeles (C. C. A.) 47 F.(2d) 528; Oklahoma City v. Dolese (C. C. A.) 48 F.(2d) 734; Women's Kansas City St. Andrews Society v. Kansas City (C. C. A.) 58 F.(2d) 593. To this extent the case is one cognizable on the equity side of the District Court, and the objection that the plaintiff is seeking mandamus in the guise of an injunction cannot be sustained.

■■ There is the further objection that the bill states insufficient facts to constitute a cause of action. The position is not a tenable one. If the facts alleged in the bill can be established at the trial, the plaintiff will clearly be entitled to equitable relief. It is pleaded that the property was continuously used as a brewery prior to the enactment of the zoning ordinance of 1928, and at all times was and still is designed and intended for such use. The copy of the ordinance annexed to the bill indicates on its face that it does not affect existing uses of property. On such a state of facts the ordinance would not forbid the use of the property for a brewery and the plaintiff would be entitled to injunctive relief. Again, the bill states facts supporting the plaintiff's contention that the ordinance is unreasonable and void as to the property in question. If these facts are true and present a fair picture of the entire situation, the ordinance must be deemed void and the plaintiff is entitled to a decree on this ground. In their brief the defendants urge that the bill does not plead the facts in sufficient detail. It may be that the bill is not as verbose as many. The bill states the ultimate facts relied on, however, and the plaintiff's attorneys are to be commended rather than criticized for their brevity. If the defendants were embarrassed by any lack of clarity or of detail in the bill, they had their remedy by an appropriate motion under rule 20 of the Equity Rules (28 USCA § 723).

■■ It is also objected that the plaintiff is not the real party in interest and therefore cannot sue; that the Metropolis Brewing Company is the real party plaintiff. There is no merit in the point. The plaintiff is the owner of the premises in question. The bill shows that it has made a lease to the brewing company the value of which will be destroyed if the defendants' actions are not abated. For all that appears on the face of the bill, the brewing company may be anxious to escape from its commitment and may be hostile to the plaintiff. Nor is there merit in the cognate objection that the brewing company must for jurisdictional purposes be aligned as a party plaintiff, in which case the jurisdiction to the extent that it rests on diversity of citizenship would be destroyed. See Chicago v. Mills, 204 U. S. 321, 27 S. Ct. 286, 51 L. Ed. 504.

■■ The further objection is made that the bill confuses and commingles into a single cause of action several independent causes of action, resulting in a misjoinder. The objection is unsubstantial. There is only one controversy in the case—whether or not the plaintiff's property may be used as a brewery, despite the zoning ordinance. The plaintiff's position is that it may be so used; that the zoning ordinance does not inhibit this use for two reasons, first, because the zoning ordinance under the facts has no application to the case, and, second, because the ordinance in any event is void and unconstitutional as to the premises in question. This is but a single cause of action, with two grounds to support it. One of the grounds raises a federal question of a substantial character, and this would give jurisdiction to decide all questions in the case even if there were no diversity of citizenship. Siler v. Louisville & Nashville R. Co., 213 U. S. 175, 29 S. Ct. 451, 53 L. Ed. 753; Davis v. Wallace, 257 U. S. 478, 42 S. Ct. 164, 66 L. Ed. 325; Hurn v. Oursler, 289 U. S. 238, 53 S. Ct. 586, 77 L. Ed. 1148. All the objections to the bill will therefore be overruled.

2. The other question is whether the plaintiff is entitled to a preliminary injunction.

The affidavits filed in support of the motion and in opposition to it reveal a situation somewhat different from that pleaded in the bill. The building was erected in 1910 for use as a brewery. The photographs show that the architecture is that characteristic of breweries. Brewing was carried on until 1918, the manufacture of ice being conducted as an adjunct. Since 1918, there has been no brewing. It is disputed whether the cessation of brewing was voluntary or was due

502 .

to a presidential proclamation under the Lever Act (40 Stat. 1689). However that may be, the plaintiff purchased the premises in 1919 for the sum of $200,000, with the intention of using them for the manufacture of ice. The seller reserved title to the vats, pumps, piping, kettles, and other personal property used in brewing, and these articles were removed when the plaintiff took possession. Since 1919 the place has been used for making ice, except that for several years ending in 1922 the manufacture of lactic acid was also carried on in a portion of the building.

The village of Pelham in 1924 adopted a zoning ordinance. Under this ordinance a business district and a residence district were created. Certain businesses were prohibited in the business district, among them the brewing business. In 1928 the village adopted a second zoning ordinance as an amendment to the 1924 act. This ordinance created residence districts and a business district different from the districts previously existing. The plaintiff's property was placed in one of the residence districts, where no buildings could be used other than as private dwellings or incidental accessories. In the sections of the ordinace dealing with the business district there is a list of businesses not permissible within the business district. The bottling business is included in this list, though a brewery is not. The next paragraph provides that "no prohibited business" shall be conducted within the village. Among the provisions of the 1928 ordinance applicable to all districts are several which recognize, by inference at least, that buildings that were devoted to a nonconforming use at the time of the enactment of the ordinance may be maintained and continued in such use.

In May, 1933, the plaintiff leased a portion of the building for a term of years to the defendant Metropolis Brewing Company, to be used as a brewery and bottling works. The rent is $12,000 a year. It is provided that in case such use shall be prohibited or prevented for any reason, the lease may be canceled. The brewing company then undertook to make repairs and alterations and to install brewing equipment. As to whether the alterations proposed were structural or nonstructural, there is a difference of opinion. The work was halted by the village authorities pending the issuance of a building permit. After negotiations covering about a month, the permit was withheld on the ground that the operation of a brewery and bottling works would be in violation of the zoning ordinance. Because of this interference the brewing company has threatened to cancel the lease.

The plaintiff's land is about five acres in area. It lies on the northern edge of the village. On the north and elevated above it are the New York, New Haven & Hartford Railroad Company tracks. On the east are the public garage and a lumber yard, the former of which is in the business district under the zoning regulations. On the south are several residences on a public street. On the west the property abuts the Hutchinson River Parkway. The plot is an interior one, without frontage on any street, and most of it is below the street grade. There is expert opinion to the effect that the tract is unsuitable for residential purposes, but the defendants have submitted affidavits to the contrary. There is also expert opinion that the operation of a brewery would not materially increase traffic in the nearby streets, and that with modern brewing equipment there is practically no odor or noise.

Upon these facts it is contended by the plaintiff that the operation of a brewery on the premises will not violate the zoning regulations, first, because a brewery would be merely a continuation of a use antedating the regulations, and, second, because it is permissible in any event to change from one type of manufacturing to another.

Zoning ordinances ordinarily have no retroactive effect and work no disturbance with existing uses of property. Premises used for business or manufacturing purposes prior to the enactment of the ordinance may be continued in such use although later included in a residence district where such use is prohibited. In other words, existing uses need not conform to the zoning ordinance. Adams v. Kalamazoo Ice & Fuel Co., 245 Mich. 261, 222 N. W. 86; City of Aurora v. Burns, 319 Ill. 84, 149 N. E. 784; Jones v. Los Angeles, 211 Cal. 304, 295 P. 14; Mill Neck v. Nolan, 233 App. Div. 248, 251 N. Y. S. 533. The ordinances of Pelham recognize that existing uses form an exception to the prescribed regulations. The plaintiff then is at liberty to continue to employ the premises in the use to which they were devoted when the 1928 ordinance took effect. That use was the ice business, not the brewery business. If we look to what went on in the plant when the ordinance became operative, the only activity was the manufacture of ice. If we had then asked any one employed there what sort of a place it was, he would have said that it was an ice plant;

he might have added that it had formerly been a brewery. There can be no question that the property was actually being used in the ice business and not in the brewing business when the zoning ordinances were adopted.

The plaintiff's argument is that the test is not the actual use made of the property when the ordinance took effect, but rather the use for which the premises were designed and arranged. It is true that the use for which the property was designed, arranged, or intended when a zoning enactment became operative is an element in determining what the existing use then was. If the property in question had been used all along as a brewery but brewing had been temporarily suspended when the zoning ordinance was adopted, I agree that it would be fair to say that the use then was as a brewery. "The use for which the property is adapted need not be in actual operation at the time of the adoption of the ordinance, if the attending circumstances connected with the property bear out the conclusion that the owner intended to use the property for that purpose." Appeal of Haller Baking Co., 295 Pa. 257, 145 A. 77, 79. See, also, Town of Darien v. Webb, 115 Conn. 581, 162 A. 690; State ex rel. Schaetz v. Manders, 206 Wis. 121, 238 N. W. 835; People ex rel. Wohl v. Leo, 109 Misc. 448, 178 N. Y. S. 851, affirmed in 201 App. Div. 857, 192 N. Y. S. 945. But here brewing had not been temporarily suspended; it had been discontinued over nine years before the adoption of the ordinance. The brewing equipment had been removed altogether. There is nothing to indicate that either in 1924 or in 1928 the owner intended to restore the premises for use as a brewery. The contention that brewing would be merely the continuation of the use to which the plant was put when the ordinance was adopted is not borne out by the facts of the case.

The other argument is that the zoning ordinance does not forbid a change from one kind of manufacturing to another. It is true that the plaintiff's property had acquired a manufacturing status when the ordinances came into being and that the plaintiff in its use of the plant is not restricted to the manufacture of ice. It could for example shift to the making of buttons without violating any zoning ordinance. State ex rel. Hochfelder v. New Orleans, 171 La. 1053, 132 So. 786. But it could not shift to a business altogether forbidden by the zoning ordinances, and as I read the ordinances the brewing and bottling business is in that class. The 1924 act prohibits the brewing business in the business district. The 1928 act prohibits the bottling business in the business district and in the next clause broadens the territory to include the entire village so far as these prohibitions are concerned. The effect is to prohibit the carrying on of the businesses enumerated in 1924 act and 1928 act anywhere in the village limits.

The conclusion is that the zoning ordinances of Pelham apply to the case and withhold from the owner or tenant of the premises the right to carry on the brewing and bottling business there.

The remaining point is the validity of the ordinances as to the plaintiff's property. The authority for the zoning ordinances is the Village Law of New York (Consol. Laws, c. 64), sections 175–179. The basis of the power to limit the use of real estate to conform to a zoning ordinance is the police power. The validity of zoning ordinances as a means of promoting the health, safety, morals, and general welfare of the community is too well established to warrant discussion. Euclid v. Ambler Co., supra. Where, however, the zoning regulations bear no substantial relationship to health, safety, morals, or general welfare, but impose restrictions on the use of private property that are unnecessary and unreasonable, they violate the Fourteenth Amendment and are invalid. Nectow v. Cambridge, 277 U. S. 183, 48 S. Ct. 447, 72 L. Ed. 842; Seattle Trust Co. v. Roberge, 278 U. S. 116, 49 S. Ct. 50, 73 L. Ed. 210; Dowsey v. Kensington, 257 N. Y. 221, 177 N. E. 427.

The plaintiff makes a showing of unreasonableness in placing this property in a residence district. It is not perceived how its interests would be advanced by placing the area in the business district so far as the present situation is concerned, for brewery and bottling works are prohibited in that district as well. However that may be, the reasonableness of the regulations in their effect on the plaintiff's property is a controverted matter and cannot be determined on mere affidavits. That issue can be decided only on a trial of the case. I cannot say at the present time that the regulations are unreasonable and therefore invalid. See Eaton v. Sweeny, 257 N. Y. 176, 177 N. E. 412; Dorsey v. Gotwals, 61 App. D. C. 41, 57 F. (2d) 407.

The defendants' objections to the bill will be overruled. The plaintiff's motion for preliminary injunction will be denied.