JOHN J. YAREMICH AND PETER J. YAREMICH
*vs.*
THE ZONING COMMISSION OF THE CITY
OF BRIDGEPORT ET ALS.

Superior Court          Fairfield County          File No. 57359

MEMORANDUM FILED MAY 10, 1940.

*Lloyd R. Wheeler* and *Roland E. LaVoie*, of Bridgeport, for the Plaintiffs.

*John V. Donnelly*, of Bridgeport, for the Defendants.

QUINLAN, J.   In or about the year 1918, the structure shown in Exhibit B was erected, comprising an apartment in the rear for one family occupancy and the area in front designed for a store with large plate glass windows, and an entrance thereto.   The store area was actually occupied as a store until some time in 1936 and in August, 1936, title by foreclosure became absolute in the Home Owners' Loan Corporation.   Title remained in the corporation until August, 1938, when it was conveyed to the plaintiffs in this action.

The zoning regulations of the City of Bridgeport were adopted in 1926, and under them this property was zoned for business use.   In July, 1936, the property was re-zoned "Residence."   By the provisions of the opening paragraph of section 7 of the zoning laws, a right to continue existing nonconforming uses was saved.   Unless then, a construction is placed upon an amendment to said section 7, March 19, 1937, unfavorable

to the plaintiff, the use of the building may be continued as a store in the store area. That amendment reads as follows: "The privilege of maintaining a non-conforming use upon any premises shall be terminated. . . .by the discontinuance for a period of one year of the non-conforming use of such premises. After such termination the non-conforming use of such premises shall not be resumed and no use shall be made thereof, except such as shall be permitted in the zone in which such premises are located."

The plaintiff made an application for a variance certainly with an abundance of respect for the city's action. I agree with the language of *People ex rel. Wohl vs. Leo,* 109 Misc. 448, 452, 178 N.Y.S. 851, 853: "The meaning of the word 'use' is not confined to describing the act of using, but may also be employed to describe that property of a thing which renders it suitable for a purpose." And as was said in *Haller Baking Company's Appeal,* 295 Pa. 257, 260, 145 Atl. 77, 78: "The purpose of its use could not be more plainly expressed than by the building itself."

The city concedes that "if it is determinative that 'discontinuance' means abandonment and that this can only be found by conduct on the part of the owner thereof significant of an intention to relinquish the privilege of so using the property", it is not contended that such conduct exists in this case. The plaintiff contends that "discontinuance" means more than mere nonoccupancy.

We have law in our own state which closely approaches the fact situation here, and shows the harshness of the city's contention. In *West Hartford vs. Willets,* 125 Conn. 266, our court quoted with approval from *State ex rel. Schaetz vs. Manders,* 206 Wis. 121, 238 N.W. 835, wherein it was said: "We agree with the circuit court that 'discontinuance,' as it is used in the ordinance, cannot mean a temporary nonoccupancy of the building or a temporary cessation of the business. . . . The word 'discontinuance' as it is used in the ordinance is synonymous with abandonment. It connotes a voluntary, affirmative, completed act. We think the right secured to the owner by the terms of the ordinance is not lost by either accident or *unpropitious* circumstances over which he has no control which brings about a mere suspension of the nonconforming use. It is a right extended to him to be enjoyed by him until he voluntarily relinquishes or abandons it." (Italics added.)

This seems to be very sound doctrine in a time when real estate conditions have been disturbed beyond any one's expectations and resulting here in the unpropitious circumstances of a "foreclosure." The case of *Darien vs. Webb*, 115 Conn. 581, is entirely consistent with the case just cited, and if such a construction makes the 1937 amendment to the Bridgeport ordinance meaningless, it is better that such be the case than injustice be worked by the engrafting of an extreme provision on a law which, if reasonably conceived and administered, can be a great help.

Judgment for the plaintiffs.