STATE EX REL. ROBST, Appellant, vs. BOARD OF APPEALS OF THE CITY OF WAUWATOSA and others, Respondents.

*January 18—February 15, 1944.*

*Lyman G. Wheeler* of Milwaukee, for the appellant.
*Roy R. Stauff,* city attorney, for the respondents.

BARLOW, J.   In 1921, the city of Wauwatosa passed a zoning ordinance and the property of appellant, known as 1931 North Seventy-Third street, became located in a "B" residence district.   Residences in such areas were restricted to "single-family dwellings or two-family dwellings."   It was, however, expressly provided that "any nonconforming use of a building or premises existing at the time of the passage of this ordinance, may be extended throughout the building, provided no structural alterations, except those required by law or regulations, are made therein and no new building is erected."

On April 15, 1941, the building inspector of the city of Wauwatosa notified appellant that the property was being used as a five-family residence in violation of the zoning ordinance, and directed that it be changed to a two-family dwelling. Appellant contends that the nonconforming use existed prior to and on November 1, 1921, and that the same has not been voluntarily relinquished or abandoned by her at any time.

The property was owned by appellant prior to the passage of the ordinance, and was originally constructed as a one-family residence with one kitchen and one bathroom, and one heating plant.   Appellant moved into the first floor of the building in 1920 and started remodeling this part of the building sometime thereafter by removing folding doors making one room out of two rooms, and other slight alterations.   It is difficult to determine from the testimony offered by appellant just how the second floor was occupied at the time the ordinance was adopted, or at any particular period thereafter

prior to 1925, although she did testify that during the period from the adoption of the ordinance to 1925 the building was occupied by three and more families at different times. To sustain the position of the building inspector, Mrs. Leonard S. White testified that she and her daughter occupied the second floor of this building from 1922 until the spring of 1924, and that appellant and her husband occupied the first floor and that there were no other occupants in the building. This testimony was corroborated by the daughter of Mrs. White, a neighbor who lived next door, and a serviceman who worked in the building. The second floor was arranged for one family with one kitchen and one bathroom during that period, and during the year 1923 a rear stairway was constructed to permit entrance to this portion of the building, the inside stairway from the first floor being removed. After Mrs. White vacated, the entire second floor was occupied by the Gruber family until the end of the year 1925. There is testimony that from August, 1928, to September, 1929, the first floor was occupied by Neil B. Morgan and the second floor by this appellant, with a schoolteacher occupying a room on the second floor during the school year. During the year 1931 the second floor was remodeled so as to provide two apartments, and in the year 1936 the first floor was remodeled providing for two apartments, and rooms were later finished on the third floor, and as so remodeled the building was occupied by five families at the time appellant was charged with violating the ordinance.

At the time of remodeling, no applications were made for permission under the building ordinance of the city, and therefore no permission was granted. The board, in its decision, made no specific finding with respect to the existence, or the nature or extent of, a nonconforming use prior to November 1, 1921. Its decision is based upon the express finding that appellant, during 1922 to 1925, inclusive, voluntarily abandoned and relinquished any nonconforming use that may have ex-

isted prior to November 1, 1921. The Board of Appeals, in its finding, stated:

" . . . It is further the opinion of the board that the use of the building during the period 1922-1925 was such as to negative all indications that the use of the building during the period in question was only temporary."

Appellant insists in her testimony, and counsel seriously contends in this court, that numerous other persons occupied various portions of the premises during the period named; that she did not intend to abandon any nonconforming use which may have existed prior to November 1, 1921, and she names persons who from time to time occupied part of the premises, but does not fix any specific dates or period of time, and it is fair to conclude from the testimony offered that most of these persons were merely roomers for short periods of time.

Counsel relies on *State ex rel. Morehouse v. Hunt* (1940), 235 Wis. 358, 372, 291 N. W. 745, and *State ex. rel. Schaetz v. Manders* (1931), 206 Wis. 121, 238 N. W. 835, where it is held that upon a cessation of a valid nonconforming use an owner—

"is privileged to take a reasonable time at least to secure either a tenant or a purchaser for his building. . . . Some time is necessarily required. The word 'discontinuance' as it is used in the ordinance is synonymous with abandonment. It connotes a voluntary, affirmative, completed act. The right secured to the owner by the terms of the ordinance is not lost by either accident or unpropitious circumstances over which he has no control, which brings about a mere suspension of nonconforming use. It is a right extended to him to be enjoyed by him until he voluntarily relinquishes or abandons it."

We do not question the rule of law for which he contends, but we consider that appellant does not come within the rule. During the years 1922 to 1925, inclusive, any remodeling that was done was for the purpose of preparing the building for

two-family occupancy. There was one kitchen and one bathroom on each floor, and the heating plant was not remodeled. There is ample evidence upon which the board had a right to rely to establish that each flat was occupied by one family only, during that period.

It is unfortunate that the appellant made expensive alterations for which she is now indebted, but this could have been avoided if she had complied with the building ordinance and made application for a permit before proceeding, as she would have then learned that the proposed alterations could not be permitted.

It is considered that this presents a question of fact for the determination of the board, and that the evidence presented before the Board of Appeals was sufficient to meet the requirements of the rule that the findings of an administrative board upon the facts before it become conclusive if in any reasonable view the evidence sustains them. *State ex rel. Morehouse v. Hunt* (1940), 235 Wis. 358, 291 N. W. 745; *Wisconsin Labor R. Board v. Fred Rueping L. Co.* (1938) 228 Wis. 473, 279 N. W. 673.

*By the Court.*—Judgment affirmed.