William R. Brennan, Jr., J.
The plaintiff village seeks a judgment restraining the defendants, two adjoining property owners in the village, from keeping and maintaining upon their respective premises fences on boundary lines which violate standards of height imposed by the Village Building Zone Ordinance (as amd.) in effect since 1937. The properties affected are located in a Besidence A District in which it is provided that “Fences or walls shall not exceed four (4) feet in height when on the boundary line of any plot or within four (4) feet thereof. This provision shall not apply to hedges, trees, or shrubbery boundary line markers. ’ ’
It is immediately apparent that this is not an ordinance directed against fences — it merely limits their height. There is no question about the height of the fences; they are six feet high and, to the extent complained of, are situated on boundary lines of the parcels. Nor is there any dispute as to the origins of the fences. The defendant Samuels (as to whom this cause has proceeded as an inquest by leave of court upon his default on trial (CPLR 3215, subd. [f]) applied to the Village Board of Trustees for a permit to construct a swimming pool. This was granted on June 7, 1956 upon conditions which included erection of a six-foot fence completely surrounding the pool and placed not closer than four feet inside all property lines. On November 15,1956, the defendants Foster were granted a like permit similarly conditioned. Obviously the conditions relating to the fences were intended to conform the requirement for safety (i.e., a fence six feet high) with the applicable zoning ordinance as to location of fences exceeding four feet in height.
The defendants installed their respective pools enclosed by six-foot fences which were located on boundary lines of their plots where such lines were in proximity to the pools. Insofar as the Foster defendants are concerned, they have, since such installation, acquired from adjoining neighbors four-foot strips of land which now bring their pool fencing into compliance with the zoning ordinance, except for two sections of the fence. One is a 76-foot stretch on a part of the rear lot line. The owner of the property abutting that section of fence consents to its maintenance on the common boundary line. The other is the section *635 of fence on the boundary line between the property of the defendant Samuels and the property of the defendants Foster. The village seeks no relief as to the fence on that boundary line. The dispute, therefore, involves only the 76-foot length of fence on part of the rear lot line of the premises.
Heretofore, there have been prosecutions maintained against these defendants in the Village Police Justice Court. These have resulted in convictions without effecting any change in the fences. The plaintiff now seeks a judgment restraining continuance of the alleged violations of its Building Zone Ordinance and compelling removal of so much of said fences as offend the ordinance except that on the common line of the defendants.
The defendants urge (1) that the Police Justice Court prosecutions constitute an election of remedies; (2) that the plaintiff is guilty of laches; (3) that there exists an adequate remedy at law in the Police Justice Court, and (4) that the ordinance is unconstitutional.
The first three asserted grounds of defense are transparently untenable. Where both civil and criminal remedies exist, the choice of one is not an election barring the other. Nor is the existence of the criminal remedy an adequate remedy; its utter inadequacy is nowhere better demonstrated than by the continued maintenance of the fences despite the repeated and successful criminal prosecutions against these very defendants.
Laches is not available as a defense against a municipality (City of Yonkers v. Rentways, 304 N. Y. 499, 505; Village of Tarrytown v. Tappan Airways, 283 App. Div. 803; Town of Eastchester v. Noble, 2 Misc 2d 1034, 1036, affd. 2 A D 2d 714). Moreover, it is clear on the facts that the village has been pursuing other and seemingly more expeditious remedies during the time the fences have been in existence and so is not in any event chargeable with laches on the facts as established.
The court, therefore, reaches the issue of the constitutionality of the ordinance upon which this suit is based. In doing so, it is noted that the defendants have in the past applied to the Village Board of Appeals for a variance which was denied. Judicial review of this determination was unavailable because not timely sought (Matter of Samuels v. Laufer, 28 Misc 2d 208, 28 Misc 2d 209).
The authority for the zoning ordinance is section 175 of the Village Law which, under the caption “ Grant of power ” provides that a Village Board of Trustees is empowered to regulate and restrict, among other things, the height and location of structures, “For the purpose of promoting the health, safety, morals, or the general welfare of the community.” The basis *636 of the power to so limit the use of land is the police power exercised in the public interest. The validity of zoning ordinances as a means of promoting the health, safety, morals and general welfare is established (Euclid v. Ambler Co., 272 U. S. 365). “ The governmental power to interfere by zoning regulations with the general rights of the land owner by restricting the character of his use, is not unlimited, and other questions aside, such restriction cannot be imposed if it does not bear a substantial relation to the public health, safety, morals, or general welfare ” (Nectow v. City of Cambridge, 277 U. S. 183, 188; see, also, Dowsey v. Kensington, 257 N. Y. 221; Knickerbocker Ice Co. v. Sprague, 4 F. Supp. 499, 503). The question, therefore, becomes whether the provisions of the ordinance here assailed are justified under the police power by any reasonable interpretation of the facts (Shepard v. Village of Skaneateles, 300 N. Y. 115, 118), an issue as to which the defendants have the burden of proof (Wiggins v. Town of Somers, 4 N Y 2d 215, 218). That burden is here sustained.
As previously stated, this ordinance does not bar all fences. It is merely directed at their height depending upon their location. Obviously no health objective is served by an ordinance that tolerates six-foot fences anywhere on a plot except within four feet of its boundary lines and which permits hedges, trees or shrubbery boundary line markers of unlimited height, yet limits fences within the four-foot area to a lower height. Nor is safety promoted thereby. On the contrary, the plaintiff itself has indicated that where swimming pools are involved considerations of safety mandate six-foot fences. There is no evidence whatsoever, nor is it logical to assume, that a six-foot fence is safe when it is set back four feet from a boundary line but is unsafe if erected on the boundary line itself. Some attempt was made to justify this selectivity by a reference to the possible necessity for firemen to reach the dwellings on lots so zoned and the hazards presented to them by a six-foot high fence. This might explain and justify an ordinance which limited the heights of all fences and hedges, trees and shrubbery wherever placed; it does not explain why the fence six-foot high on a boundary line is a hazard to a fire fighter and ceases to be an equal hazard when it stands four feet away. Nor is there any possible argument that morals are better served one way than another. Even aesthetics, not urged by the village, could not justify the restrictions here involved. In City of Norris v. Bradford (204 Tenn, 319), an ordinance which prohibited' only front-yard fences in a residential area was held to have no reasonable connection or relation to the public safety, health, *637 morals, comfort and welfare of the community. Aesthetic considerations were found to be the only possible justification for the ordinance and this was held an insufficient constitutional basis for it. While our own Court of Appeals has held, People v. Stover (12 N Y 2d 462) that aesthetics, to a certain extent, is a valid subject of legislative concern, that principle cannot save the subject ordinance. The plain fact is that this ordinance does not contribute one iota to the appearance of the community. If six-foot fences be unsightly (and the record here demonstrates the contrary), then they are just as unsightly four feet in from the boundary as they are on the line itself. In fact, if the ordinance were applied literally to two adjoining parcels, it would require the erection of two six-foot fences eight feet apart resulting in the creation of a useless corridor or “ back alley ” which would detract from the good appearance of the neighborhood. In short, there is no justification, aesthetically or otherwise, for the fence setback requirement.
Consequently, the complaint is dismissed, without costs. This constitutes the decision of the court required by CPLR 4213.