Alexander W. Kramer, J.
The defendant is accused of violating sections 68-24 and 68-420.1 of the Islip Town Code.
The court finds, after a trial, as a matter of fact and law, the following: The defendant resides at 64 Helene Marie Place, Hauppauge, N. Y. It is conceded that in the rear yard of the aforesaid premises the defendant maintains a radio receiving and/or transmitting tower approximately 75 feet in height. The defendant is a licensed amateur radio operator.
In July, 1968, the defendant obtained a building permit for the erection of a radio tower. The permit was effective for a term of one year. The testimony established that construction on the tower was not completed before the permit expired. Thereafter, in July, 1969, the defendant was issued a new permit by the town’s Building Department and the defendant sub *611 sequently completed the erection of the tower and obtained a certificate of compliance.
It was on January 7, 1969, seven months prior to the defendant’s obtaining his second permit, that the Islip Town Board amended its zoning laws by adding section 68-420.1 thereto. Said section states that: “A receiving or transmission tower may be erected in any use district only upon application to the Town Board and granting by the Town Board of a special permit, subject to such conditions as the Town Board may specify.”
The tower remained operative until the spring of 1971, at which time a severe wind storm caused it to collapse. The defendant dismantled the radio tower and shipped it to a manufacturer for repairs. The tower was thereafter erected sometime in 1972.
The defendant contends that his renewal permit was properly issued, that he obtained a vested right which was not revocable, and that section 68-420.1 of the Islip Town Code is unconstitutionalxin that it fails to establish objective standards within which the Town Board could exercise its power to grant or deny applications to erect radio towers.
The People contend that the Building Department is without power to issue the permit and it was therefore void and could not give the defendant any rights thereunder.
CONSTITUTIONALITY
Since a town is constituted strictly for public purposes, it possesses only such powers and authority as the Legislature confers (Matter of Perry v. Cherry Val., 307 N. Y. 427; People v. Scott, 26 N Y 2d 286). A town ordinance, like any other legislative enactment, is presumed to be constitutional (Wiggins v. Town of Somers, 4 N Y 2d 215, remittitur amd. 4 N Y 2d 1045). All zoning ordinances must come under the town’s police power (Matter of Concordia Collegiate Inst. v. Miller, 301 N. Y. 189). As an exercise of its police power, a legislative body may, in a proper case, have the power to prohibit the use of property when in its opinion such use would be detrimental to the public health, safety or welfare, and to consent to the use when in its opinion such use would not cause injury to the public. In such a case the board exercises a legislative power, and no general standards need be formulated by it which must govern its determination as to when its consent should be granted or withheld. (Matter of Small v. Moss, 279 N. Y. 288.) However, it must reasonably relate to the promotion of the health, comfort, safety and general welfare of the community *612 (Salamar Bldrs. Corp. v. Tuttle, 29 N Y 2d 221). In view of the presumption of constitutionality and lack of sufficient evidence or cause to rebut it, the court finds the ordinance constitutional.
RENEWAL PERMIT AND NONCONFORMING IISES
It was established at the trial. that, pursuant to section 68-420.1 of the town code, the Building Department was prohibited from issuing the permit it did. Having illegally issued it, would the recipient be entitled to any vested rights thereunder? I think not. Where it' is proven that a permit was illegally issued, it is revocable and entitles the holder to no vested rights (Marcus v. Village of Mamaroneck, 283 N. Y. 325 ; Town of Greenburgh v. Buser, 285 A.pp. Div. 1090; Matter of Village Green Center v. Reidy, 20 A D 2d 916). The claim of the defendant to a right to continue to maintain the tower as a nonconforming use must also fail. A right to continue a nonconforming use is based on pecuniary and economic loss and is clearly inapplicable to a purely incidental use of property for recreational or amusement purpose only (People v. Miller, 304 N. Y. 105). Clearly, no matter how expensive or involved the defendant’s radio system is, he is within the field of amateur radio and his involvement with it must be termed a “ hobby ” (Village of St. Louis Park v. Casey, 218 Minn. 394).
The defendant contends that he was issued a building permit which had a presumption of validity and he cannot be found guilty of violating section 68-24 of the code since he only repaired the existing structure. Said section states that: “ No building or structure shall be erected or altered until a building and/or plumbing permit heretofore has been issued by the Director. All applications for such permits shall be in accordance with the requirements of this ordinance, and except upon written order of the Board of Appeals no building permit or certificate of occupancy shall be issued for any building or structure where said construction, alteration or use thereof would be in violation of any of the provisions of this ordinance. ’ ’ Repairs to buildings are governed by section 68-28 which states that: “ Repairs to buildings or structures may be made without tiling; an application or obtaining a permit, provided that no structural alterations be made and further provided that such repairs are in accordance with the provisions of this ordinance.”
Under ordinary circumstances, it is not necessary to obtain a building permit to effect repairs which are not structural in nature. Perhaps when defendant re-erected the tower in 1972, . *613 he could not have been required to obtain a building permit if the tower were merely repaired and replaced — and — not structurally altered; and — if the defendant had had a legal permit for the erection of the tower in the first instance. He could not have had a legal permit for the erection of the toAver in the first instance because when the Clerk issued it, he did so in error. The Clerk’s error Avas not binding upon the toAvn. Therefore, the tower had been erected illegally ab initio.
The court has given some consideration to the possible application of the doctrine of estoppel. As a general rule, a municipality cannot be estopped by the unauthorized or unlaAvful acts of its officers or agents. (Russell v. Messina, 138 N. Y. S. 2d 394; Matter of Jamestown Lodge 1681 L.O.M. v. Catherwood, 31 A D 2d 981.)
The town might — if so advised — seek civil sanctions against the Afiolations. Such a course of procedure Avould not preclude it from resorting to the penal provisions set forth in its ordinance. Civil and criminal remedies are not mutually exclusionary. The choice of one does not bar the other. (Incorporated Vil. of Westbury v. Samuels, 46 Misc 2d 633.)
Finally, the court has considered the invocation of CPL 170.40. It does appear that the defendant has been placed in his position of violation by Adrtue of the mistake of one of the toAvn’s employees— albeit such mistake is not binding upon the toAvn. This would seem to constitute “ the existence of some compelling factor, consideration or circumstance clearly demonstrating that conAdction or prosecution of the defendant upon such accusatory instrument or count would constitute or result in injustice.”
The instant proceeding having been brought pursuant to the Code of the Town of Islip rather than the Penal Luav one might query: “ Does the Criminal Procedure Law apply?” This court believes it does, section 1.10 provides:
“ 1. The proAdsions of this chapter apply exclusively to: (a) All criminal actions and proceedings commenced upon or after the effective date thereof ’ ’.
The proceeding under the Code of the Toavu of Islip is penal in nature. Enforcement may be had via fines or incarceration.
Therefore, for the reasons hereinbefore stated, the two charges presently before this court shall be dismissed.
However, the defendant is reminded of the fact that he remains in Adolation of the code each day that the tower is permitted to stand. He has several courses of action available to him:
1. He may allow the tower to stand and do nothing more.
*614 In such event he hazards two courses of action by the town, viz:
a. A further proceeding directed towards defendant’s punishment for his persistent violation. Then, and in such event, the findings arrived at herein will not be binding as to any further or future determinations. Defendant will have been placed upon notice. He will have proceeded at his peril, b. A civil action to compel the tower’s removal by the defendant.
2. He may apply to the Town Board for a special exception pursuant to the code.
3. He may remove the tower.