HEISS, Executor, vs. MURPHEY and others.

| 43 | 45 |
| 100 | 7 |
| 43 | 45 |
| 103 | 515 |

*Counsel fees in action by executor for construction of will.*

An executor may always, in a proper case, take the opinion of the court upon the will, *at the expense of the estate;* and this case (reported in 40 Wis., 276) was a proper one, within the rule, for allowance of the executor's counsel fees from the estate.

APPEAL from the Circuit Court for *Dane* County.

This action was brought to determine the construction of a will; and the questions which arose upon the will were determined by this court on a former appeal herein, reported in 40 Wis., 276. After the cause was remitted to the circuit court, plaintiff moved for judgment in accordance with the decision of this court, and for an allowance of $300 to him for counsel fees herein, in addition to taxable costs. After a hearing, the court rendered a judgment, which declared, among other things, that plaintiff had lawful authority to sell so much of the estate of his testator, real or personal, as was neces-

sary to pay the debts and funeral expenses of the deceased, and the expenses of administration, including the costs taxed in this cause in the supreme and circuit courts, and the further sum of $300 allowed to plaintiff as counsel fees in this cause, and that the costs of both parties in said court should be taxed, to be paid out of the estate. The defendants appealed from that part of the judgment allowing counsel fees.

The cause was submitted for the appellant on the brief of *M. M. & D. Webster.* They contended, 1. That the only cases in which counsel fees have been allowed out of the estate, in actions by an executor to determine the construction of a will, are cases in which there was a valid will, and no question was made as to its validity; and that where the will has been held invalid, such an allowance has been denied. *Rose, Ex'r, v. Rose Association,* 28 N. Y., 184. 2. That sec. 49, ch. 133, R. S., provides that costs in cases like this shall be chargeable upon the estate, but the amount of such costs is limited by sec. 41, which provides what the costs shall be in all cases when allowed; and that the discretion given the court in cases of disputed wills, by sec. 36, ch. 117, R. S., relates to the party to whom costs may be awarded, and not to the amount of such costs. *Jackman Will Case,* 26 Wis., 143. 3. That the decision of this court on the former appeal herein, adjudging the devise in the will to be invalid, carries with it the power conferred by the will upon the executor, and that power cannot be upheld for any purpose.

For the respondent, a brief was filed by *Gregory & Pinney,* and the cause was argued orally by *S. U. Pinney.* They contended, 1. That the determination of this court on the former appeal, that the will was void, must be understood as relating to the devise and bequest there in question, and not to the entire instrument; that the mere nomination of an executor, without any disposition of the estate, constitutes a will, and renders it necessary that the instrument be established in the probate court (2 Redf. on Wills, 1st ed., ch. 2, sec. 2; 1 Wil-

liams on Ex'rs, Perkins' ed., 200, 243, 267; *Henfrey v. Henfrey*, 4 Moore's P. C. C., 29, 32; *In the Goods of Lancaster*, 1 Swa. & Tr., 464; *In the Goods of Jordan*, L. R., 1 Prob. & Div., 555); and that in this case, plaintiff, having been appointed executor, and charged with the duty of administration and payment of debts, and having proved the will and accepted the trust, became a trustee, and entitled to take the direction of chancery as to the validity of the devise and bequest made in the will, to protect himself in the discharge of his duties. 2. That the jurisdiction of equity to allow the costs and expenses of such suits beyond taxable costs, as part of the relief prayed, is well settled (*Angell v. Davis*, 4 Mylne & Cr., 360; *Sawyer v. Baldwin*, 20 Pick., 378, 388–9; *Bliss v. Am. Bible Soc.*, 2 Allen, 334; *Rogers v. Ross*, 4 Johns. Ch., 608; *Barrington v. Tristram*, 6 Ves., 348; *Pearson v. Pearson*, 1 Sch. & Lef., 12; *Jolliffe v. East*, 3 Bro. C. C., 27; *Studholme v. Hodgson*, 3 P. Wms., 302); that this rule is in no wise affected by our statute on the subject of costs, the cases in New York, where the statute is substantially like our own, being all harmonious in support of the rule (*Decker v. Miller*, 2 Paige, 149, 151; *Ward v. Vandenburgh*, 6 id., 277, 287; *Irving v. DeKay*, 9 id., 533; *S. C.*, 5 Denio, 646; *Hotaling v. Marsh*, 14 Abb. Pr., 161; *Rose v. Rose*, 28 N. Y., 184; *Young v. Brush*, id., 667; 1 Redf. on Wills, 492); and that the *Jackman Will Case*, 26 Wis., 143, is inapplicable, because it relates to the case of persons acting in their own right, and contesting the probate of a will, and not to one acting in a trust capacity under the will.

RYAN, C. J. It was not a mere right, it was almost the duty, of the executor, to take the opinion of the court upon the construction of the will and the validity of the disposition which it purported to make of the testator's property. This appears sufficiently from the former judgment in this case. *Heiss v. Murphy*, 40 Wis., 276. And it would be most op-

pressive on the executor, that he should be held to do so at his personal cost and risk. If it wére necessary to make a precedent in such a case, we should probably not hesitate in doing so. But the authorities cited for the respondent clearly establish the general rule of courts of equity, that an executor may always, in a proper case, take the opinion of the court upon the will, at the expense of the estate.

The executor here has no interest in the will, except as executor; and the objection to the very moderate amount allowed for his expenses, by the judgment, comes with rather an ill grace from the appellants, whose right to the estate is established by the judgment, and who thus reap a direct advantage from the proceeding of the executor.

*By the Court.* — The judgment of the court below is affirmed.