ESTATE OF DENNETT: HILL, Respondent, vs. BARRETT and another, Appellants.

*October 10—November 5, 1929.*

For the appellants there was a brief by *Collins & Collins* of Sheboygan, and oral argument by *William B. Collins*.

For the respondent there was a brief by *Poss, Toelle & Schuler* of Milwaukee, and oral argument by *Benjamin Poss*.

*George R. Currie* of Sheboygan, for the executors.

STEVENS, J.   The county court based its order upon the theory that the sum paid Mr. Poss was for services performed on behalf of the executors in maintaining the correctness of their account.   If the court looked merely to the form of the proceeding, it might be justified in reaching this conclusion.   But when the substance of the application is considered, it is clear that Mr. Hill was in reality representing the interests of himself and of his bank, and that such interests were adverse to those of the estate which it was the duty of the executors to protect.   When viewed in this light it is plain that Mr. Hill stated the situation with absolute accuracy when he testified, with reference to his employment of Mr. Poss, that "I retained him to defend me."   If the accounts had been surcharged, Mr. Hill and his bank would doubtless have been called upon to repay the amount paid on the claim.

During the hearing of the application to surcharge the accounts, both the trial court and Mr. Poss recognized that the interests of Mr. Hill and of his bank were adverse to the

estate. At the beginning of the hearing Mr. Poss stated to the court that he appeared specially for the bank and "for Clarence Hill in his individual capacity," as well as one of the executors under the will. The court ruled during that proceeding that the executors were adverse parties to Mr. Hill, who was "fighting as an individual." Mr. Poss conceded that that was the situation. He was then permitted to examine one of the executors as an adverse party.

We are satisfied that the trial court was right in holding that Mr. Hill was contesting the application to surcharge as an individual. It follows that he has no right to ask that the estate repay to him the expense which he incurred in making his defense in that proceeding.

One of three joint executors has no power to put the estate to the expense of paying the fees of counsel employed by him, at least in the absence of a direction by the proper court that such expense be incurred. In the absence of such order, a majority of the executors must concur before such expense can be made chargeable to the estate. Sub. (3), sec. 370.01, Stats. The will discloses that the testator intended that these well established rules of law should apply in the administration of his estate.

Mr. Hill never asked the executors to ratify his employment of Mr. Poss. His only attempt to meet the burden resting upon him was his testimony that Mr. Pantzer never objected to the employment. But Mr. Pantzer testified that he never employed Mr. Poss. The most that the trial court could find from the proof was that Mr. Pantzer permitted Mr. Hill to assume the whole burden of the defense of the application to surcharge. This is not enough. Under the situation here presented it required the affirmative action of at least two of the three executors to warrant a court in ordering repayment to Mr. Hill.

Even if two executors had agreed to employ Mr. Poss, it

might be seriously questioned whether the estate should be required to repay this sum in view of the fact that the estate was represented by able counsel who appeared for the estate upon the application to surcharge both in the trial court and in this court on appeal, and in view of the further fact that Mr. Poss represented an interest that was adverse to that of the estate, and that these additional services were rendered for the purpose of protecting the interests of Mr. Hill and of his bank,—not the interests of the estate.

The order is reversed and the application remanded with directions to deny the same with taxable costs in favor of the appellants and against the respondent Hill.

*By the Court.*—So ordered.