GOTTLIEB, Respondent, vs. CITY OF RACINE, Appellant.

*March 13—April 9, 1940.*

For the appellant the cause was submitted on the brief of *Cornelius M. Colbert,* city attorney.

For the respondent there was a brief by *Wilbershide & Baumblatt* of Racine, and oral argument by *L. P. Baumblatt.*

MARTIN, J.   Defendant city contends, (1) that because of the nature and purpose of curbs, it would be unreasonable to require the city to maintain the curbs in the condition required for sidewalks, and (2), that the break (defects) in the curb, not being in the main line of travel in the sidewalk, in the roadway, or at the crosswalk, is not an insufficiency or want of repairs within the meaning of sec. 81.15, Stats. These contentions may be considered together.

It is alleged that the defective condition was located at a place over which pedestrians travel when alighting from conveyances drawn up to the curb in front of the residence at 2711 Washington avenue.   It is further alleged that on the evening of December 17, 1938, while plaintiff was alighting from an automobile in front of the aforesaid residence, and in the exercise of ordinary care, she stepped into the hole above mentioned which caused her to fall, resulting in the injuries complained of.

It is obvious that the defect in the curb was at a point where a person would be likely to step in alighting from an automobile.   We need not consider the cases where the defect in the curb is located at other points.   This distinction is recognized in *Kuchler v. Milwaukee,* 165 Wis. 320, 162 N. W. 315.   That case involved a defect in the curbstone. The plaintiff there had gone three and one-half feet away from the crosswalk in taking a crosscut over the curbstone to reach the sidewalk.   In so doing, he either stepped into a hole in the curb or so close thereto that his foot slipped into the hole, causing him to lose his balance and fall, resulting in the injuries for which he brought action against the

city. The trial court directed a verdict in favor of the city upon the ground that the hole was of such a nature and so located with reference to the course of travel and place prepared therefore as not to constitute an actionable defect. While the judgment was affirmed on appeal, at page 324, the court said:

"No time need be spent discussing the proposition that a public way for travel, which it is the duty of the municipality to maintain in a reasonably safe condition, may not be so and the imperfection consist of some depression, or hole, or an object outside of the region prepared therefor. If the imperfection is so near thereto or connected therewith as to efficiently interfere with the place for travel being reasonably safe therefor, *then the way is actionably defective and, if a personal injury is caused thereby to a user thereof, in the exercise of ordinary care, the municipality is liable.*" Citing *Slivitski v. Wien,* 93 Wis. 460, 67 N. W. 730; *Boltz v. Sullivan,* 101 Wis. 608, 77 N. W. 870.

"To render the town liable, the object causing the injury need not be within the highway, if so connected with it as to affect the safety and convenience of those using the traveled track."

"But, although there be a defect or obstruction in the highway as located, yet if it is not in the traveled part of the road, *nor so connected with it as to affect the safety or convenience of those using the traveled path,* the town is not responsible for the injury." *Wheeler v. Westport,* 30 Wis. 392, 393; *Rhyner v. Menasha,* 97 Wis. 523, 525, 73 N. W. 41.

The allegation in the instant case is that the alleged defect in the curb is at a point where the sidewalk and curb connect and over which pedestrians travel when alighting from conveyances drawn up to the curb in front of the residence at 2711 Washington avenue. The defect was at a place where the plaintiff or other members of the public had a right to travel and to alight from an automobile or other vehicle.

Sec. 81.15, Stats., so far as here material, provides:

"If any damage shall happen to any person . . . by reason of the insufficiency or want of repairs of any bridge, sluice-

way or road in any town, city or village, the person sustaining such damage shall have a right to sue for and recover the same against any such town, city or village."

In *McCormick v. Racine* (1938), 227 Wis. 33, 277 N. W. 646, the court held that a difference of two and three-eighths inches between adjacent cement squares of the sidewalk did not constitute an actionable insufficiency or want of repairs within the meaning of sec. 81.15, Stats., as a matter of law, in the absence of other conditions or surrounding circumstances which would warrant finding that there was such insufficiency or want of repairs. In *LeMay v. Oconto* (1938), 229 Wis. 65, 281 N. W. 688, the difference in the sidewalk level was alleged to be four inches, that is, it was alleged that one entire block of cement in the sidewalk had settled its entire length and width four inches lower than the block of cement immediately adjoining. The court there held the question whether this difference in the sidewalk level constituted an actionable "insufficiency or want of repairs" as would render the city liable under sec. 81.15, was for the jury.

We are of the opinion that the alleged insufficiency or want of repairs in the instant case is so located and of such dimensions that it presents an issue of fact for the jury. The complaint states a cause of action under sec. 81.15, Stats., and the order overruling defendant's demurrer to the complaint must be affirmed.

*By the Court.*—Order affirmed.