STATE EX REL. BRILL, Respondent, v. MORTENSON and others, Appellants.*

*January 8—February 3, 1959.*

* Motion for rehearing denied, with $25 costs, on May 5, 1959.

327

328

For the appellants there was a brief and oral argument by *Edward A. Krenzke*, corporation counsel of Racine county.

For the respondent there was a brief and oral argument by *Victor C. Cairo* of Racine.

HALLOWS, J.   The first question presented on the appeal is whether the zoning ordinance prohibits the use of petitioner's building as a meat-distributing and processing plant, and thus in terms warrants denial of a certificate of use and occupancy for that purpose. We agree with the learned circuit judge that it does.

The pertinent provision of the ordinance, quoted in the statement of facts, provides that "if a nonconforming use of a building or premises is discontinued for a period of twelve

months, any future use . . . shall conform; . . ." that is to say, in the present context, shall be exclusively residential.

The particular nonconforming use in effect when the ordinance took effect in 1949, that of a woodworking plant, ceased in 1951. The next use, for paint spraying and enameling, terminated in 1956. Then followed a period of at least twenty-two months in which the building was not used at all. Thus each prior nonconforming use had been terminated, and we think "discontinued."

In *State ex rel. Schaetz v. Manders* (1931), 206 Wis. 121, 124, 238 N. W. 835, and *State ex rel. Morehouse v. Hunt* (1940), 235 Wis. 358, 370, 291 N. W. 745, this court construed the word "discontinue" in comparable zoning ordinances as involving more than mere temporary cessation and requiring abandonment, which connotes a voluntary, affirmative, completed act. Therefore, a nonconforming use is not "discontinued" when it merely ceases temporarily because of inability of the owner to obtain a tenant or buyer who will make that use of the property. Each of those cases involved resumption of the identical nonconforming use which had been temporarily suspended, a dairy plant in *Manders* and a fraternity house in *Morehouse*.

Those cases do not control the present one. In the instant case the particular nonconforming use in effect when the ordinance was adopted in 1949, that of a woodworking plant, was clearly abandoned when the property was sold in 1951, and the next use, a paint and enamel shop, was likewise abandoned in 1956 when the owner went out of business, the property was sold, and efforts were made to obtain permits for plastic molding manufacture and later for meat distributing and processing. There is no evidence of any intent to resume the woodworking business or the paint and enameling business at any time.

It is true that in the present case the use of the property for nonconforming purposes in general was not abandoned, but had merely ceased pending efforts to obtain a tenant or

purchaser. But we do not read the quoted provision of the ordinance as permitting a totally different nonconforming use to be made after the prior one had been discontinued more than twelve months. On the contrary, this court is of the opinion that "a nonconforming use" refers to the particular nonconforming use which had been lawfully made, or at most a closely similar one, and when such use has been abandoned for twelve months, only a conforming use, here residential, is permissible. Meat distributing and processing is not closely similar to woodworking, but very different.

Since only a single sentence of the ordinance is included in the record sent to this court we are obliged to construe that sentence alone and without the benefit of any other provision of the ordinance which might perhaps justify a broader interpretation of the words "if a nonconforming use . . . is discontinued."

Since we hold that the ordinance in terms warranted the county zoning authorities in denying the certificate of use and occupancy sought by the respondent, we must next consider whether the ordinance as so construed and applied is valid. It is challenged as violative of express statute, and the trial court so held.

When the ordinance was adopted in 1949, sec. 59.97 (4) of the statutes then in effect contained the following provision:

"Such ordinances shall not prohibit the continuance of the use of any building or premises for any trade or industry for which such building or premises are used at the time such ordinances take effect, . . ."

This provision has been transferred to sec. 59.97 (7) (a), Stats., and slightly amended so that it is now as quoted in the statement of facts. The amendments are not significant for present purposes.

The statutory mandate is that a county zoning ordinance shall not prohibit the continuance of "the (lawful) use" of a

building "for any trade or industry for which such building or premises is used" when the ordinance takes effect. In terms, the statute protects only the original nonconforming use.

In 1949, when the Racine county ordinance took effect, "the use" of the building in suit was for the "trade or industry" of woodworking. As we have seen above, that use was abandoned in 1951. Therefore, the application of the ordinance to the present case does not prohibit the continuance of the use of the building for the trade or industry (woodworking) for which it was used when the ordinance took effect. The ordinance is not being applied to prevent continued use for woodworking but only to prevent use for meat processing. Meat processing is an entirely different trade or industry than woodworking.

We conclude, therefore, that the ordinance as applied to the facts of the present case is not in conflict with the statute.

It is also argued by the respondent that since county boards have only such legislative powers as are conferred upon them by statute, expressly or by clear implication (*Maier v. Racine County* (1957), 1 Wis. (2d) 384, 385, 84 N. W. (2d) 76), the county board of Racine county had no power to enact the limitation on nonconforming uses expressed in the provision of its zoning ordinance now before us. Power to restrict nonconforming uses is clearly implied from the terms of sec. 59.97, Stats., read in the light of the general practice of zoning, and from the above-quoted specific provision of the statute. However, we are not passing upon the validity of the twelve months' limitation of a nonconforming use in said ordinance.

Under the rule of the *Manders* and *Morehouse Cases* previously summarized the right to resume a preordinance nonconforming use is protected unless that use has in effect been abandoned. Constitutional doubts have been set at rest by *Jefferson County v. Timmel* (1952), 261 Wis. 39, 59, 51

N. W. (2d) 518, and cases there cited. This court has pointed out that under zoning ordinances, nonconforming uses are closely limited and are not to be enlarged in derogation of the general scheme of the ordinance, and hence the right to continue such a use may be lost by such acts or omissions as moving the structure to a different though near-by location (*Yorkville v. Fonk* (1958), 3 Wis. (2d) 371, 378, 88 N. W. (2d) 319, 323), or failing to appeal the administrator's denial of a permit to continue the prior use (*Jefferson County v. Timmel* (1952), 261 Wis. 39, 64, 51 N. W. (2d) 518), as well as by abandonment.

*By the Court.*—Judgment reversed, with directions to affirm the ruling of the zoning board of adjustments.

The following opinion was filed May 5, 1959:

HALLOWS, J. (*on motion for rehearing*). A faulty and incomplete record was sent to this court on appeal. Among the missing records were a copy of the Racine county zoning ordinance and a stipulation that the proposed use of the premises by the respondent for a meat-distributing and processing plant was in the same classification under the zoning ordinance as the prior nonconforming use.

The duty to see that the clerk of the trial court transmits a proper record to this court is upon the attorney for the appellant. *Estate of Eannelli* (1956), 274 Wis. 193, 80 N. W. (2d) 240. A copy of the Racine county zoning ordinance has now been furnished and under sec. 328.02, Stats., this court will take judicial notice of it.

The Racine county ordinance provides in part, sec. IV, general provisions:

"A. . . . except as otherwise provided: . . .

"5. Nonconforming Uses:

"(a) The existing lawful use of a building or premises at the time of the enactment of this ordinance or any amendment thereto may be continued although such use does not

conform with the provisions of this ordinance for the district in which it is located, but such nonconforming use shall not be extended.

"The alterations of or additions to any existing building or structure for the purpose of carrying on any prohibited trade or industry within the district where such buildings or structures are located, is prohibited.

"(b) If no structural alterations are made, a nonconforming use of a building may be changed to another nonconforming use of the same or a more-restricted classification. Whenever a nonconforming use has been changed to a more-restricted nonconforming use or a conforming use, such use shall not thereafter be changed to a less restricted use.

"(c) If a nonconforming use of a building or premises is discontinued for a period of twelve months, any future use of the building or premises shall conform to the regulations for the district in which it is located."

It is now contended by the respondent that the court did not and was not in a position to decide the real issue on appeal because of these missing documents. The position of the respondent is that to constitute an abandonment of a nonconforming use the owners must have voluntarily relinquished the original nonconforming use of cabinetmaking, and any other nonconforming use of the same classification, and any acts on the part of the owners showing an intention to resume any nonconforming use in the same classification, would preserve their right. We do not agree with this contention.

The nonconforming use existing at the time of the adoption of the county zoning ordinance is not in issue. That particular nonconforming use was abandoned in 1951 when the use of the property was changed to the substituted nonconforming use of paint spraying and enameling, which was not in existence on the premises at the time of the adoption of the zoning ordinance. Where the county permits another or several other nonconforming uses to be substituted for the nonconforming use in existence at the time of the adop-

tion of the ordinance, the county under its implied power may limit the right to such substituted nonconforming uses. The right to such substituted nonconforming uses is not protected by sec. 59.97 (7), Stats., but is created by and depends upon the ordinance.

This raises the question of the meaning of the words "discontinued for a period of twelve months" as used in this ordinance and as applied to a substituted nonconforming use. We construe these words to mean termination or cessation of the nonconforming use for the twelve months' period. The doctrine of voluntary abandonment as applied in *State ex rel. Schaetz v. Manders* (1931), 206 Wis. 121, 238 N. W. 835, and in *State ex rel. Morehouse v. Hunt* (1940), 235 Wis. 358, 370, 291 N. W. 745, is not to be extended and applied to substituted nonconforming uses in a county zoning ordinance limiting discontinuance of such nonconforming uses to a definite time limit. The protection of sec. 59.97 (7), Stats., is extended only to the particular lawful use for which the building or premises is actually used at the time the ordinance takes effect. It does not extend to protecting other nonconforming uses substituted by virtue of a privilege or right given by county ordinance.

It is not necessary to decide whether twelve months is a reasonable period of time as the parties have stipulated that it is. The question of the validity of this ordinance as applied to the original nonconforming use is not before us on the facts of this appeal.

*By the Court.*—Motion for rehearing denied with $25 costs.