IN RE CUDAHY FAMILY TRUST: BISCHOFF and another, Plaintiffs, v. FIRST WISCONSIN TRUST COMPANY and others, Defendants. [Case No. 90.] *

*December 2—December 20, 1963.*

* Motion for rehearing denied, with $25 costs, on March 31, 1964.

201

202

203

204

For the plaintiff Helen Bischoff there was a brief by *Martin R. Paulsen,* attorney, and *Lee W. Meyer* of counsel, both of Milwaukee, and oral argument by *Mr. Paulsen.*

For the plaintiff Michael J. Cudahy there were briefs and oral argument by *Vilas H. Whaley* of Racine.

For the defendants Irene B. Brady and Elizabeth S. Casper there was a brief by *Quarles, Herriott & Clemons,* attorneys, and *Lester S. Clemons* of counsel, all of Milwaukee, and oral argument by *Lester S. Clemons.*

For the defendant minors and persons in military service, there was a brief and oral argument by *Nathan Pereles, Jr.,* of Milwaukee, guardian *ad litem.*

GORDON, J.

"For justice, tho' she's painted blind
Is to the weaker side inclin'd."

—Samuel Butler, Hudibras, Part III, Canto III.

The equities of this case are strikingly in favor of Mrs. Bischoff. The latter was Mrs. Hoyt's friend, nurse, and companion for almost seven years. Mrs. Hoyt's will clearly expressed her intention to have Mrs. Bischoff enjoy the benefits which would have resulted from the testamentary exercise of her power of appointment in favor of Mrs. Bischoff. A nephew of Mrs. Hoyt, Michael J. Cudahy, vigorously supported Mrs. Bischoff's position in this court.

However, regardless of the equities, if Mrs. Hoyt's partial release of her reserved testamentary power of appointment was valid when it was made in 1944 and was not revocable,

it follows that her testamentary appointment of Mrs. Bischoff was invalid.

We must first resolve whether the partial release of the power of appointment was effective. The execution of the instrument by Mrs. Hoyt on February 25, 1944, was a deliberate and meaningful act. Prior to its preparation and execution, Mrs. Hoyt had the guidance of an analytical report from her lawyers; they recommended the partial release in order to diminish federal estate taxes on Mrs. Hoyt's estate. We consider that in the issue before us it is immaterial whether the tax savings which Mrs. Hoyt sought to obtain were ultimately obtained. The document had independent legal significance even though its purpose was to gain a specified tax benefit.

Mrs. Bischoff contends that Mrs. Hoyt was unable to release the reserved power of appointment because to do so would breach a contractual arrangement with her cosettlors. A trust, by its terms, may embody contractual burdens amongst those who establish the trust. However, we are unable to apply the contract theory espoused by Mrs. Bischoff to the instant trust. With reference to the shares of stock which Mrs. Hoyt transferred to the trust, she reserved the life income therefrom and also reserved the right to designate by her will who was to receive the dividends from such shares for the natural life of the appointee. Upon default in the exercise of the appointment, the trust instrument provided that the income would be enjoyed by her issue or, if none, by the surviving settlors or their issue. Mrs. Hoyt died without leaving a surviving spouse or any surviving issue.

We construe the provision for a power of appointment in the instant case to constitute a reserved property right in the settlor as distinguished from a contractual or promissory obligation with reference to the power.

In our opinion, the power of appointment which Mrs. Hoyt held under the 1918 trust agreement was subject to her right to release such power in whole or in part, and this right existed pursuant to the common law. No one could claim an interest as a prospective appointee under this power of appointment. Mrs. Hoyt was free to designate any natural person or persons whom she chose to appoint, and she was not under any duty to exercise the power. This, therefore, was not a special power in trust as contemplated in sec. 232.22, Stats., and considered in *Ruggles v. Tyson* (1899), 104 Wis. 500, 517, 79 N. W. 766, and in *Will of Uihlein* (1953), 264 Wis. 362, 380, 59 N. W. (2d) 641.

Since it was not a special power in trust and since it was releasable under the common law, Mrs. Hoyt's partial release of her power was not dependent upon either the 1943 or the 1957 versions of sec. 232.495, Stats. We do not construe the 1943 statute as restricting the right of a donee of a power to release such power. The 1943 adoption of sec. 232.495 was designed to take advantage of certain federal estate-tax exemptions. See Explanation of Proposed Repeal and Re-creation of Sec. 232.495, relating to ch. 650, Laws of 1957, Wisconsin legislative reference library drafting files. This section may not be construed as abbreviating the common-law right to release powers. Under the common law, all powers were releasable except powers in trust. Simes and Smith, The Law of Future Interests (2d ed.), p. 525, sec. 1057.

Restatement, Property (1948 Supp.), p. 506, sec. 335, concludes as follows:

"All special powers of appointment can be released by the donee unless the donor in creating the power manifests an intent that it shall be non-releasable."

The authors, at page 508, report that Wisconsin statutory expressions were merely declaratory of pre-existing nonstatutory law.

Had Mrs. Hoyt been the donee of a power in trust, she could not have extinguished that power in contravention of the plan of distribution created by the donor. It is arguable that even a power in trust is releasable under the 1957 version of sec. 232.495, Stats.; however, we are not required to construe the scope of that version of the statute in the instant case. The rule which precludes the release of a power in trust does not prevent the release of a power wherein the donee is giving up something which is unqualifiedly his. In this light, Mrs. Hoyt, who was both the donor and the donee of the power, possessed the right to appoint by her will, to fail to appoint, or to extinguish her power in whole or in part.

The partial release by its own terms evidences that such action was made "irrevocably and forever." Whether Mrs. Hoyt at the time of the execution of her will was mindful of her pre-existing release, or whether she had forgotten such pre-existing document, is not of significance. Her partial release was valid when made, and she divested herself of the authority to revoke such release. The trial court correctly ruled that Mrs. Bischoff could not qualify as an appointee of the power under Mrs. Hoyt's will.

*By the Court.*—Judgment affirmed.