ESTATE OF HOYT: FIRST WISCONSIN TRUST COMPANY, Executor, Appellant, v. BISCHOFF, Respondent. [Case No. 2.] *

*December 2—December 20, 1963.*

* Motion for rehearing denied, with $25 costs, on March 3, 1964.

210

For the appellant there were briefs by *Wickham, Borgelt, Skogstad & Powell,* attorneys, and *James Ward Rector* and *Howard T. Foulkes* of counsel, all of Milwaukee, and oral argument by *Mr. Foulkes.*

For the respondent there were briefs by *Martin R. Paulsen,* attorney, and *Lee W. Meyer* of counsel, both of Milwaukee, and oral argument by *Mr. Paulsen.*

WILKIE, J. Two issues are presented on this appeal:

1. If provisions of a will are unambiguous on their face, and the document by its terms creates no potential conflict between specific beneficiaries or between specific beneficiaries and residuary legatees, does the executor have a duty to defend the estate against a claim that certain personal property

is not part of such estate because of the effect of a prior document executed by the testatrix or testator?

An examination of the relevant provisions of the will of Josephine C. Hoyt reveals that the intentions of the testatrix were expressed in unambiguous terms. This is especially true of Article VI, whereby Mrs. Hoyt attempted to convey a life income in the net dividends of the 999 shares of capital stock to Helen Bischoff, the provision that was the subject matter of the litigation in the trial court. There was no occasion to "construe" the provisions of the will. The critical issue was the impact of the partial release upon the terms of the trust. The resolution of this question necessarily determined whether Article VI was effective. It did not determine the meaning of that provision of the will. Therefore, cases which have defined will-construction proceedings as "will contests" within the meaning of sec. 324.11 and sec. 324.12, Stats.,[1] and have held that a losing party in such proceeding is not entitled to fees and costs from the estate, are not relevant to this dispute.

---

[1] "324.11 COSTS, WHEN ALLOWED; JUDGMENT FOR. Costs may be allowed in all appealable contested matters in county court, excepting in jury trials, to the prevailing party, to be paid by the losing party or out of the estate as justice may require; and when costs are allowed they shall be taxed by the judge at the rates allowed in circuit court and upon like notice; but the attorney fees shall not exceed twenty-five dollars, and shall be allowed only when an attorney appears for the prevailing party. When costs are allowed, the court shall render judgment therefor, stating in whose favor and against whom the same is rendered and the amount thereof; and a list of the items making such amount shall be filed with the papers in the case."

"324.12 COSTS IN WILL CONTESTS. Costs shall not be awarded to an unsuccessful contestant of a will unless he is a special guardian appointed by the county or circuit judge, or is named as an executor in a paper propounded by him in good faith as the last will of the decedent." *Estate of Donges* (1899), 103 Wis. 497, 79 N. W. 786; *Will of Weidman* (1926), 189 Wis. 318, 207 N. W. 950; *Estate of Gallagher* (1938), 231 Wis. 621, 282 N. W. 615, 291 N. W. 335.

Moreover, the will by its terms did not create a potential conflict between a specific beneficiary and a residuary legatee. Had the dividend income passed to residuary legatees *under the will,* upon a failure of the specific bequest, the executor could have contended that as a trustee for *all* interested parties under the terms of the will he should not be forced to choose among competing parties who could relate their claims to the will.[2] Under these circumstances, a conflict between a specific beneficiary and remaindermen under the terms of the will, we have held that each party must pay his own costs of litigation.[3]

In the instant case, the bequest to Helen Bischoff was not effective because of the partial release; hence, the dividend income passes to residuary legatees under the trust. The rationale of *Will of Larson, supra,* is not relevant.

In those circumstances, where the provisions of the will are unambiguous, creating no will-construction problem, and such provisions do not create conflict between specific beneficiaries and residuary legatees, under the will, and further the adversary claim is not made by a creditor of the estate, the executor is under an obligation to defend the estate distribution scheme. His role as trustee for the beneficiaries and creditors [4] requires him to defend their interests against claims made by persons outside the class reached by his position of trust. As long as the estate distribution plan contains no inherent conflict, and the matter at issue does not involve a conflict between an estate creditor and a beneficiary, his role as trustee, *by definition,* requires him to protect the

---

[2] "An executor . . . is essentially a trustee, representing all persons interested in the estate or who may have any interest therein, including creditors." 1 Callaghan's Wisconsin Probate Law and Practice (6th ed.), p. 350, sec. 7.240.

[3] *Will of Larson* (1933), 211 Wis. 237, 247 N. W. 880.

[4] 1 Callaghan's Wisconsin Probate Law and Practice, *supra.*

estate by litigation if necessary. His defense of the position of the interested parties is the justification for his compensation from the estate. Because all interested parties benefit from his efforts, all should contribute.

If the executor forsakes the interests he is appointed to protect, he has no rational basis from which he can claim compensation.

The appellant argues that even if it has a general duty to defend the estate under the circumstances of this case, the matter at issue, the life income in dividends, was never a part of the estate. This argument is irrelevant. Although we have determined that the power of appointment was circumscribed by the release, the focus is upon the executor's obligation prior to the formal commencement of the litigation, not at the termination of the lawsuit. We cannot assess the executor's duty to defend retrospectively, concluding that because the beneficiary ultimately failed to prevail, the executor never had a duty to defend her interest. To properly defend an interest by litigation, the defender need not prevail. Certainly the substantive issues surrounding the effect of the release were worthy of adjudication. At the commencement of the litigation the effect of the partial release upon Article VI of the will was not authoritatively determined. Helen Bischoff's view of the matter deserved effective advocacy. Under the circumstances of this case the appellant was obliged to provide such defense.

2. Under the above circumstances, if because of a conflict of interest, the executor is unable to defend against such claim, may the party so defending recover attorneys fees and disbursements from the estate?

The appellant's failure to provide representation in this case was not caused by a conscious violation of its role as executor. Because of its position as trustee under the Patrick Cudahy Trust, appellant had a duty to defend the interests

of the residuary legatees under the trust, the respondent's adversaries in the substantive dispute. Because the appellant could not affirmatively represent either party without violating a fiduciary relationship, it remained neutral. The respondent hired counsel on her own initiative.

Under these circumstances, the respondent, as a beneficiary of the estate of Josephine C. Hoyt, is entitled to recover her attorneys' fees from the estate.

Had the appellant discharged its duty to defend her interests as executor, it could have reimbursed itself from the estate for all expenses of litigation.[5]

Because the respondent, on her own initiative discharged the executor's duty, under these circumstances, to defend the estate, and in effect assumed the executor's obligatory role, she is entitled to have the expenses of litigation satisfied from the estate.

In a situation where the challenge to the estate distribution plan is made by a party other than a specific beneficiary, residuary legatee, or creditor of the estate, and the claim is resisted by a beneficiary, assuming the obligation of an executor who cannot act because of a conflict of interest arising from his relationship with the challenging party, the rationale of the "equitable, extraordinary circumstances" doctrine requires that the defending beneficiary recover attorneys fees and costs from the estate. The "extraordinary circumstances" rationale is a theory of equitable relief developed in disputes involving distribution of decedents' estates, as an exception to the general principle that a losing party must at least bear his own costs of litigation.

---

[5] *Heiss v. Murphey* (1877), 43 Wis. 45.

"An executor or administrator is to be allowed his reasonable payments for the advice and assistance of counsel in the conduct of the affairs of the estate, when necessary." 2 Callaghan's Wisconsin Probate Law and Practice (6th ed.), p. 204, sec. 13.45.

Although the rationale was initially developed in contexts in which an attorney who performed services for the executor was permitted to recover his fees from the estate upon a showing of insolvency or inability to pay on the part of the executor,[6] the logic of this doctrine has been applied in a manner to permit those who discharge the executor's clear duties to litigate to protect the estate, to recover the costs of litigation from the estate.

In *Estate of Sheldon* [7] an executor, as executor, approved his own claim against the estate as creditor. A beneficiary of the estate resisted the claim. The beneficiary did not prevail on the merits in this court; nevertheless her attorneys fees, both at the trial and in this court, were allowed from the estate. The court reasoned, at page 432:

"It is the duty of the administrator to protect and conserve the estate committed to his care, and where the interest of an administrator is adverse to the estate the intervention by a legatee may be reasonably necessary and prudent, and where the result of such intervention adds to the estate or trust fund, a finding that the legatee so intervening is equitably entitled to reasonable compensation from the estate or trust fund presents no error of law."

The beneficiary's intervention under these circumstances was deemed necessary to avoid a situation in which an executor could potentially use his position of trust for personal aggrandizement. To ensure that an executor will discharge his position of trust, a beneficiary must be permitted to challenge his actions, and even if the executor's action is deemed proper at the termination of litigation, the defending beneficiary is entitled to compensation from the estate for the costs of litigation for performing the watchdog function.

---

[6] *Estate of Arneberg* (1924), 184 Wis. 570, 200 N. W. 557. *Juergens v. Ritter* (1938), 227 Wis. 480, 279 N. W. 51.

[7] (1946), 249 Wis. 430, 24 N. W. (2d) 875.

Although it is obvious that the appellant's refusal to represent Helen Bischoff was not self-seeking in the sense of the *Sheldon Case, supra,* the concern that executors fully discharge their obligations of trust, the attitude which underlies the *Sheldon* rationale, requires the conclusion that when a conflict of interest, created in part by the executor's own actions, prevents the executor from discharging a clear duty to defend the estate distribution plan by litigation, the cost of such defense is not to be shifted to the single beneficiary who chooses to defend the estate, albeit motivated by her own economic interest. The paralyzed position of the executor is an extraordinary circumstance justifying the allowance of respondent's fees and expenses from the estate of Josephine C. Hoyt.

*By the Court.*—Order affirmed.

CURRIE, J. *(dissenting).* I respectfully dissent from the opinion of the court.

The 999 shares of capital stock of the Patrick Cudahy Family Company to which Article VI of the will relates constituted part of the assets of an *inter vivos* trust. Under the provisions of the trust there was no possibility of any of these 999 shares becoming part of the assets of the estate of testatrix Josephine C. Hoyt. As fully explained in our opinion in *In re Patrick Cudahy Family Trust,* ante, p. 198, 125 N. W. (2d) 344, at the time testatrix died the only right, which testatrix had with respect to such 999 shares, was that of exercising a testamentary power of appointment to appoint the dividends payable on such shares to someone else for life. If she failed to exercise the power of appointment, or, if because of her prior partial release of the power of appointment the attempted exercise of the power was void, the dividends from the 999 shares of stock did not become an asset of the estate. The proceeding in which Helen Bischoff had incurred the expenditure for counsel fees and costs was

not the instant estate proceeding, but one involving only the *inter vivos* trust.

My first point of disagreement with the majority opinion is the holding that an absolute duty rested upon the executor to enter an appearance in the trust proceeding and there do battle to compel the trustee to recognize the attempted exercise of the power made in favor of Helen Bischoff by Article VI of the will. The executor was not even a proper party in the trust proceeding. An appointee under a power of appointment does not take from the donee of the power. Except for this, the position of the appellant as executor of Mrs. Hoyt's will is comparable with the situation that would have obtained if the respondent has been a specific devisee of realty under the will and someone had asserted an adverse title based on an *inter vivos* transfer. Title to the realty would not have passed to the executor. It would have passed directly to the devisee and the executor would have had no claim to the realty nor to its possession, in the absence of a showing of insufficient personal property to pay debts and administration expenses. MacDonald, The Rights of a Wisconsin Personal Representative in the Real Estate of his Decedent, 1960 Wisconsin Law Review, p. 363. Nor would the executor have been a proper party to any proceeding to enforce the title of the devisee. *Marsh v. Board of Supervisors* (1875), 38 Wis. 250; *McManany v. Sheridan* (1892), 81 Wis. 538, 51 N. W. 1011; *Volk v. Stowell* (1898), 98 Wis. 385, 74 N. W. 118; and see *Estate of Rieman* (1956), 272 Wis. 378, 75 N. W. (2d) 564.

Secondly, even if the executor were held to be a proper party in the trust proceeding, the executor ought not to have incurred any expenditure for counsel fees and disbursements in that proceeding without first obtaining approval of the county court in the estate proceeding. No creditor or legatee in the estate proceeding has any financial interest in the dividends that are the subject of the exercise of the power

which arise under the will. If the executor did apply to the county court in the estate proceeding for authority to incur expenses chargeable to the estate, in order to litigate in the trust proceeding the issue of the legal effect of the attempted exercise of the power, the county court should refuse to permit such expenditure where the appointee, here Helen Bischoff, has already engaged counsel to litigate the matter.

Thirdly, where no actual or potential benefit could accrue to the Josephine C. Hoyt estate from the services performed by counsel for Helen Bischoff in the litigation had in the trust proceeding, it should be held that Helen Bischoff's interest in this litigation was so adverse to that of the creditors and legatees of the estate that she should not have reimbursement from the estate for any expenses incurred for such counsel fees and costs. In *Estate of Donges* (1899), 103 Wis. 497, 518, 79 N. W. 786, this court stated that "courts should be cautious in allowing for services ostensibly rendered to executors, but in spirit and effect rendered to one of the opposing interests, which should bear its own expenses." See also *Estate of Eannelli* (1956), 274 Wis. 193, 203, 80 N. W. (2d) 240, and *Estate of Dennett* (1929), 200 Wis. 84, 227 N. W. 280. *Estate of Sheldon* (1946), 249 Wis. 430, 24 N. W. (2d) 875, cited in the majority opinion, is readily distinguishable from the instant case. In the *Sheldon Case* there was a potential benefit to the estate by engaging counsel in an effort to defeat the claim filed by the executor.

For the foregoing reasons I would reverse the order appealed from.