ESTATE OF MARTIN : RICHARDS, Trustee, Appellant, v. BARRY and others, Respondents.

*No. 191. Argued April 8, 1968.—Decided June 28, 1968.*
(Also reported in 159 N. W. 2d 660.)

---

[35] *State ex rel. Meyer v. Keeler* (1931), 205 Wis. 175, 184, 236 N. W. 561.

438

For the appellant there were briefs by *Roberts, Boardman, Suhr & Curry,* and oral argument by *Bradway A. Liddle, Jr.,* all of Madison.

For the respondents there was a brief by *Petersen, Sutherland, Axley & Brynelson,* and oral argument by *James C. Herrick* and *Griffin G. Dorschel,* all of Madison.

HALLOWS, C. J.

*Were the trust disbursements properly allowed?*

In its decision of December, 1965, the trial court disallowed a total of $7,463.11 in disbursements from the Fincher-Martin Farm Account because of insufficient detail as to whom the payments were made and for what purpose. On January 19, 1967, these disbursements were in effect allowed on the ground of the trustee's good faith and because the farm operation showed no loss.

We think neither of these reasons is a valid basis for approving these items in the accounting. In our first opinion concerning this trust, we stated it was the duty of a trustee to keep clear, distinct and accurate records of all trust transactions and good faith in the performance of the trustee's duty was not sufficient. A trustee

is not handling his own funds but funds of others and he must always be able to make a full accounting of his stewardship. When a trustee's accounts are not clear and accurate, all presumptions are against him and the obscurities and doubts are to be taken adversely against him. This rule has long been the law in Wisconsin. *See Will of Leonard* (1930), 202 Wis. 117, 230 N. W. 715; and in other jurisdictions, *see Jones v. Green* (1936), 41 N. M. 46, 63 Pac. 2d 1042; *Wootton Land & Fuel Co. v. Ownbey* (8th Cir. 1920), 265 Fed. 91; *Villa Site Co. v. Copeland* (1920), 91 N. J. Eq. 503, 111 Atl. 39, 13 A. L. R. 356; and *Purdy v. Johnson* (1917), 174 Cal. 521, 163 Pac. 893.

It may be true if a loss is shown in the operation of the trust that it is easier to apply the presumption for the failure to keep accurate and complete accounts and thereby reduce or eliminate the loss; but the converse is not true that because there is no loss shown if the disputed items are allowed that therefore they should be allowed. Besides, actual loss in management or operation of a trust may have nothing or little to do with the amount of the disbursements or the inability to account. A trustee must keep complete accounts and make an accurate accounting of a successful as well as an unsuccessful trust. Here in several respects the accounts were "completely incomplete."

We do not think because the trustee by secondary evidence was able to prove other disbursements to the satisfaction of the court that, therefore, these questioned disbursements in all probability were in fact proper and should be allowed. Such reasoning is a species of the good-faith argument and is not sufficient because a trustee should always act in good faith. The trustee in this case has been given ample opportunity to prove his management of the trust. These claimed disbursements amounting to $7,463.11, being unsupported by sufficient evidence, must be disallowed in the accounting. This

has the effect of surcharging the trustee since he has claimed the disbursements in his account.

It is argued that if the trustee is surcharged for these disallowed disbursements, the surcharge should be limited to three fourths of the amount of the disbursement because one remainderman with a one-fourth interest did not join in the cross appeal. We do not think this case is similar in principle to *Will of Roebken* (1939), 230 Wis. 215, 283 N. W. 815, relied on by the trustee. There, several heirs joined with the executor in opposing a surcharge and lost. Under those circumstances they were not entitled to the benefit upon losing their contention. In the instant case, one remainderman neither joined nor opposed the position of the trustee. We think the trustee is not entitled to partial credit on his liability because of such inaction in this accounting proceeding. The trustee's duty to account should not be bifurcated.

### Trustee's Compensation.

The county court awarded the trustee compensation in the amount of $5,560.85 because he actually performed services as trustee, he was honest and acted in good faith without fraud or intention or deliberate wrong and his derelictions related to the failure to keep accounts and make an accounting. We disagree. It seems the trial court thought the trustee should receive his normal compensation for the services performed but should be charged with the remaindermen's attorney's and accountant's fees, which were caused by his dereliction. It is not an entirely unreasonable view but we think the better view is to deny compensation in cases where a trustee does not faithfully fulfill his trust. The keeping of accurate accounts is as important as care in management. The trustee was a banker and for long periods of time kept no accounts of some of the activities of the

trust. He knew the importance of keeping accurate financial records of other people's money. His way of managing a trust has led to two appeals to this court over an accounting which should not have required an appeal.

It is within the power of the court to reduce or deny compensation. As Bogert states in his work *Trusts & Trustees* 2d, p. 404, sec. 980, "The sum is allotted for an execution of the trust with the highest degree of good faith and with ordinary skill and care. It follows that if the administration of any particular trustee falls below this level, his compensation should be reduced or even forfeited entirely." It is true in *Will of Leonard, supra,* the misconduct of the trustee was more aggravated than that found by the trial court in this case, but the discretion of the trial court to deny compensation for unfaithful service is not restricted to bad faith or gross and inexcusable negligence or willful dereliction of duty. On the other hand, the reduction of compensation or its denial is not a penalty for breach of trust but is based upon the failure to perform the trust with ordinary skill and care and with the highest degree of good faith. *See Joerres v. Koscielniak* (1961), 13 Wis. 2d 242, 108 N. W. 2d 569; also *Estate of Teasdale* (1952), 261 Wis. 248, 52 N. W. 2d 366. We do not think on this record the trustee is entitled to receive any compensation for his work.

### *The remaindermen's attorney's and accountant's fees.*

The trial court in its comprehensive opinion painstakingly passed upon every objection to the items in the account. This was drudgery and time consuming but it had to be done. From these items, no appeal has been taken. The court denied the trustee his expenses for his attorney and accountant and this finding is not in issue

on this appeal. However, the court surcharged the trustee with the attorney's fees and accountant's fees of the remaindermen on equitable grounds and this action is claimed to be error.

The court considered it was not taxing costs for the amount of the fees but was surcharging the trustee and based its decision on the equitable proposition that the trustee had needlessly caused the remaindermen to incur these expenses to attain a proper accounting which they had a right to have. The trustee argues the trial court had no such equitable power and that this so-called surcharge is in effect a taxing of costs not authorized by the statute and especially cannot be justified under sec. 271.14, Stats., because no mismanagement or bad faith was found. The trustee also relies on *Estate of Cole* (1899), 102 Wis. 1, 12, 78 N. W. 402, which contains language that counsel fees to persons who may be interested in a trust fund are not recoverable "either from the trustees personally or out of such fund."

On first impression there would seem to be merit in surcharging or making a trustee personally responsible for causing needless expenditures on the part of the remaindermen. However, where the trustee's conduct is not found to be in bad faith but only substandard performance of his duty, we think that although compensation for his work may be denied he ought not in equity be personally liable for expenses he caused the remaindermen. By analogy, sec. 271.14, Stats., would seem to be a guideline.

We think the expenses of the remaindermen for their attorney and accountant are properly paid out of this estate. We realize the trial court considered this procedure in this case would penalize to some extent the remaindermen for obtaining an accounting which they have a right to have without such expenditure of money. The trial court would have avoided this result by sur-charging the trustee for these items. Thus while the

trustee would not pay the remaindermen directly as costs, he would pay the estate which is then used as a conduit to pay the remaindermen.

It is true the *Cole Case* stated that fees of remaindermen could not be paid out of the trust fund, but that statement has become eroded during the years and such fees were allowed in *Estate of Hoyt* (1963), 22 Wis. 2d 209, 125 N. W. 2d 350, and in *Estate of Sheldon* (1946), 249 Wis. 430, 24 N. W. 2d 875, because of "equitable extraordinary circumstances." However, we do not read *Estate of Hoyt* as allowing attorney's fees for the remaindermen against the trustee personally. Nor do we hold that in every case such a remainderman's expenses are chargeable to the trust. There may be cases within the equitable power of the court when a trustee should be charged personally with expenses he needlessly causes through his conduct, but we need not now decide what facts will call forth such relief.

We must, therefore, reverse the final decree of the trial court with directions to disallow disbursements in the final account in the amount of $7,463.11, to disallow the trustee any compensation, and to allow the attorney's and accountant's fees of the remaindermen in the sum of $11,819.85 and $377.50 respectively from the trust estate.

*By the Court.*—The final decree is reversed, and the cause remanded for further proceedings consistent with the directions in the opinion; no costs to either party.