ESTATE OF DEIBIG: DAVIS and another, Appellants, v. SMITH, Executor, Respondent.

*No. 200. Argued November 4, 1970.—Decided December 4, 1970.*
(Also reported in 181 N. W. 2d 413.)

238

For the appellants there was a brief by *La Follette, Sinykin, Anderson, Davis & Abrahamson,* attorneys, and *Earl Munson, Jr.,* of counsel, all of Madison, and oral argument by *Mr. Munson.*

For the respondent there was a brief and oral argument by *Warren E. Kuehling* of Madison.

HALLOWS, C. J. The trial court was correct in holding it had jurisdiction to decide the issue, but we do not agree it was bound by the rules of unjust enrichment and not by the trust instrument. The provisions of sec. 231.36 (2) and (4), Stats., created in 1959, relating to a nontestamentary trust proceeding in the county and circuit courts, do not prevent a county court in probate from passing upon a claim based upon a trust instrument. The county court may hear and decide claims even though based upon the provisions of a trust agreement. Sec. 313.05 (1), Stats.; *Bostwick v. Estate of Dickson* (1886), 65 Wis. 593, 26 N. W. 549. Nor does sec. 313.05 (1) providing claims must be just to be allowed require the application of the doctrine of unjust enrichment.

Here, the law of trusts is applicable in order to determine whether the amount of compensation received by the decedent as an employee of the trust and as a trustee was proper. If compensation is paid to a trustee in violation of the trust instrument, such payments are improper, and a claim for their return is just. Since the claimants are beneficiaries of the trust entitled to one half of the income and claim only their one half of the amount the decedent may be required to pay back, the filing of the claim in the trustee's estate is permissible. *See* 34 C. J. S., *Executors and Administrators*, p. 154, sec. 391. It is advisable for all trustees of *inter vivos* trusts to have their accounts periodically, preferably yearly, examined and approved by a court under sec. 231.36. Such procedure, had it been timely followed in this case, would probably have avoided this lawsuit between the children of the settlor and their stepmother.

The gist of the position of the executor of the estate is that the payments made to the decedent were in accordance with the terms of the trust instrument, that the fees were not excessive, and the trustees were not guilty of any bad faith, fraud, or breach of trust. Claimants take the view the payments were in direct violation of the provisions of the trust instrument and that the decedent received compensation without earning it, and therefore she breached her trustee's duty of loyalty and her duty to keep and render accounts. The claimants further argue that because the decedent breached the trust, she is entitled to no compensation as trustee or as employee.

The trust instrument, Section 3, provided "compensation of the personal trustees shall be on a per diem basis for the time spent." The instrument then set forth the compensation for the certified public accountant should be at the rate of the then prevailing charge of the best certified public accountants in the city of Madison. Professional work as an accountant was to be compen-

sated in addition to his work as trustee. In respect to the attorney, his compensation was to be at the rate of the then prevailing per diem charge of the best attorneys in the city of Madison and whatever legal work the attorney performed should be compensated for in addition to his work as trustee. Significantly, the trust then provided the compensation for the decedent "shall be at such figure as is set by the two other trustees" and this compensation "shall, however, be in addition to any salary received by her for the active management" of the Tenney Building. We hold this language means the compensation of the decedent as trustee must be on a per diem basis for the time spent at the per diem figure set by the two other trustees. The estate argues this language is qualified by Section 17 of the trust indenture which deals with the powers of the trustees and wherein it is provided that the trustees shall have every power to perform all acts which the trustees could perform if they as individuals were the absolute owners of the trust property and that enumeration of specific powers do not restrict the general powers. We do not read the language of Section 17 as rendering the language of Section 3 nugatory or useless. Section 3 is not an enumeration of specific powers but a limitation upon the exercise of the general power of the trustees to fix their compensation.

The decedent was paid a flat rate of $5,000 per year as trustee. Although no fraud or bad faith is shown on the part of the decedent or other trustees and none may be implied, nevertheless the trust instrument was breached in the manner in which the decedent's compensation as trustee was determined. A trustee has a duty of loyalty and a standard of conduct of a fiduciary is higher than that required of persons not in a fiduciary relationship. Restatement, 1 *Trusts* 2d, comment *w*, p. 373, sec. 170. Being one of several beneficiaries only emphasized the care which the decedent should have exercised as trustee

and does not alter or lessen her fiduciary responsibility. Likewise, the fact the decedent was the wife of the settlor of the trust does not permit the other trustees to disregard specific instructions in the trust instrument. The fact the other trustees fixed her salary as trustee is immaterial; she was a trustee and accepted it. The administration of a trust is solely for the interest of the beneficiaries, not for the personal gain or convenience of the trustees. Restatement, 1 *Trusts* 2d, p. 364, sec. 170 (1). Thus a trustee cannot deal with trust property both as a seller and as a buyer. *Will of Cosgrove* (1941), 236 Wis. 554, 295 N. W. 784; and this is so even though he has an unlimited power of sale. *See Estate of Scheibe* (1966), 30 Wis. 2d 116, 140 N. W. 2d 196.

Since the standard of compensation for trustees was fixed in the instrument on a per diem basis and not in relation to net income, the reasonableness of the decedent's compensation as trustee does not depend upon the trust income. Restatement, 1 *Trusts* 2d, comment *f*, pp. 607, 608, sec. 242; 3 Scott, *Trusts* (3d ed.), p. 2119, sec. 242.4. It is plain the decedent was not paid as trustee upon any per diem basis and while her compensation may be reasonable by other standards, the payment to her of a flat $5,000 per year was a breach of the provisions of the trust instrument. She, as trustee, accepted it and knew it was arrived at for the most part because she gave up her position as manager of the Jeffcott Painting Company, for which job she received a $5,000 yearly salary.

In respect to decedent's salary for active management of the Tenney Building, she was entitled under the express provisions of the trust instrument to receive a salary over and above her compensation as a trustee. As an employee of the Davis Company while her husband was living, she had received a salary of $4,000. When the Davis Company was dissolved and the management of the building fell directly upon the trustees,

the decedent became an employee of the trust, receiving from January 1, 1962, to June 30, 1966, $3,900 for approximately the same duties and responsibilities. There was no breach of trust in fixing this compensation on a salary basis.

It is argued the decedent did very little work and most of the management was done by another employee; and therefore the payment was excessive. We think the trial court was correct in finding that the salary for the decedent's work in supervising and managing the building for the trustees was not an unreasonable amount of compensation. The salary did not require the decedent as an employee to account for every hour of her time. She had general responsibility and daily supervised the more detailed work of the other employee. She was paid for judgment, not time. The fact she was also a trustee did not require her as an employee on salary to put in a claim on a per diem basis as claimed by the beneficiaries.

Consequently, the beneficiaries' argument the decedent breached her trust obligation by her failure to keep books and records is without merit. By the nature of her employment, the decedent, as beneficiary, had no duty to keep books and records. The trust books in respect to trust activity were kept in detail and there is no failure by the trustees in this respect as there was in the *Estate of Martin* (1963), 21 Wis. 2d 334, 124 N. W. 2d 297, relied on by the beneficiaries. Here, the difficulty is not in the failure to keep books but in the method of determining the decedent's compensation as trustee and the consequential lack of records showing per diem charges.

We do not agree the decedent as trustee could not accept a salary as an employee and that this work is governed by the same tests as her work as trustee. The trust instrument contemplated three trustees, each to be paid on a per diem basis for trustee work and for other services by a particular standard applicable to each trustee. While the decedent's compensation as trustee was

fixed in breach of the trust, and while good faith and ignorance on the part of a trustee is not a defense to a claim of disloyalty, Bogert, *Trusts & Trustees* (2d ed.), p. 479, sec. 543, *see Matter of Filardo* (1936), 221 Wis. 589, 267 N. W. 312, we do not find any breach of loyalty or breach of duty to keep and render accounts as trustee because of the decedent's status as an employee.

The case must be sent back to the trial court for further proceedings in respect to the compensation as trustee for the period from January 1, 1962, to July 1, 1966. Although the decedent breached her trust, she did not forfeit all compensation as a matter of law. While we consider the payments made a trustee as compensation void under sec. 231.21 (1), Stats., this does not mean the decedent is not entitled to compensation correctly determined for services proved. Undoubtedly the court has the power to deny all compensation to a trustee who breaches his trust, but this penalty has heretofore been reserved for wilful and intentional violations. Here, the decedent did not fix her trust compensation; no bad faith is shown; she is a laywoman, the wife of the settlor of the trust, and relied on her cotrustees who were a certified public accountant and an attorney. This is not a case to which to apply Chief Judge CARDOZO'S rule of "uncompromising rigidity" and deny all compensation for disloyalty in order to deter disloyal acts on the part of other trustees. *Meinhard v. Salmon* (1928), 249 N. Y. 458, 164 N. E. 545; Bogert, *Trusts & Trustees* (2d ed.), p. 480, sec. 543; *see also: Will of Leonard* (1930), 202 Wis. 117, 230 N. W. 715.

On remand, the estate will have the burden, however, of showing services performed as a trustee by the decedent for compensation on a per diem basis. Since the trustees fixed pursuant to the trust a per diem rate of compensation for the decedent on July 1, 1966, that rate should be used for the period commencing July 1, 1961. The beneficiaries have met the burden of proof on their

claim by showing a breach of trust by the decedent in respect to her compensation as trustee. Thus this phase of the matter is "back to scratch" and the estate must justify whatever compensation it now claims for trustee's services on a per diem basis. As we stated in *Estate of Martin* (1963), *supra,* at 347, "It is not the duty of the appellants [beneficiaries] to supply the omissions." *See also: Estate of Martin* (1968), 39 Wis. 2d 437, 159 N. W. 2d 660.

The claimant-beneficiaries argue they are entitled to interest on their claim, but we do not agree this is a case in which interest should be allowed.

*By the Court.*—Judgment reversed, and the cause remanded for further proceedings not inconsistent with this opinion.