J.B. ANDERSON v. CITY OF PARAGOULD

CA CR 85-72 695 S.W.2d 851

Court of Appeals of Arkansas
Opinion delivered September 18, 1985

*Michael Everett*, for appellant.

*Robert F. Thompson*, City Att'y, for appellee.

TOM GLAZE, Judge. Appellant was tried by a jury and convicted in Greene County Circuit Court of violating a Paragould city zoning ordinance, prohibiting the placement of a mobile home in a R-1 zone. He raises four points on appeal, but we find none of them require a reversal.

Appellant lived in a mobile home on the lot in question until he sold the lot and home in 1981. After the mobile home was sold and removed from the property, appellant traveled extensively in a second mobile home, living in Nevada part of the year and returning to Paragould for short periods of time. In either August or September of 1983, appellant returned to Paragould and rented an apartment. Although it was unclear when, appellant regained his lot because the purchaser failed to meet a condition of the sale. In August 1984, a planning commission hearing was held on appellant's request that his lot be rezoned from R-1 to R-2 so that he could build some apartments. Appellant's application was denied, and the next day, he moved a mobile home onto the lot. After being notified several times that he was violating a city ordinance, a warrant was issued for appellant's arrest.

In this appeal, it is uncontested that appellant had a valid nonconforming use of his property when the zoning ordinance was adopted sometime during 1970. Rather, the issue is whether that nonconforming use ceased.

The Paragould zoning ordinance provides:

> A nonconforming use of land which shall cease for a continuous period of more than thirty days shall be deemed permanently abandoned, and any use thereafter established shall be in conformity with these regulations.

It is undisputed that, from either August or September of 1983 until August 22, 1984, appellant had no mobile home on his property and was living in a rented apartment. Nevertheless, appellant argues that he had no intent to abandon the nonconforming use of his property. In this respect, he claims the court erred in preventing him from testifying concerning his intent and in refusing his proffered instructions on this issue. Because he

believed the evidence failed to show he abandoned the nonconforming use of his property, appellant also asserts the court erred in denying his motion for directed verdict. We believe the court ruled correctly in each instance.

 The Paragould zoning ordinance provides that after a certain lapse of time—thirty days—the discontinuance of a nonconforming use will be deemed to constitute an abandonment. Where the ordinance in question contains a discontinuance time limitation, courts have held that such nonexercise of the nonconforming use is sufficient, of itself, to terminate the nonconforming use, regardless of intention to abandon. *Canada's Tavern, Inc.* v. *Town of Glen Echo*, 260 Md. 206, 271 A.2d 664 (1970); *State ex rel. Brill* v. *Mortenson*, 6 Wis.2d 325, 94 N.W.2d 691 (1959), *reh'g denied*, 7 Wis.2d 325, 96 N.W.2d 603 (1959). *See also* 82 Am.Jur.2d *Zoning and Planning* § 220 (1976); 101A C.J.S. *Zoning and Land Planning* § 174 (1979). Furthermore, in order to prove a violation of an ordinance such as the one in this cause, it is not necessary to prove the element of intent. It is a general rule, and Arkansas case law supports the proposition, that criminal intent is not a necessary element of an offense that is merely *malum prohibitum*, where no provision as to intention is put in the ordinance. *Kirkham* v. *City of North Little Rock*, 227 Ark. 789, 301 S.W.2d 559 (1957). Accordingly, we find, in view of established law, the trial judge properly denied appellant's motion for directed verdict and correctly excluded his testimony and proffered jury instructions pertaining to his intent to abandon the nonconforming use in issue.

We note appellant's reliance on *Blundell* v. *City of West Helena*, 258 Ark. 123, 522 S.W.2d 661 (1975) and *Hendrix* v. *Hendrix*, 256 Ark. 289, 506 S.W.2d 848 (1974), but we find neither case controlling here. In *Blundell*, the central or decisive issue involved whether Blundell *established* a nonconforming use, not if he discontinued it—which is the principle issue here. The *Hendrix* case is clearly not in point since that case involved the question of whether the heirs to land had relinquished their interest in the land by failure to participate in earlier litigation.[1]

---

[1] We note the similarities in facts between this cause and those in *Trice* v. *City of Pine Bluff*, 279 Ark. 125, 649 S.W.2d 179 (1983), but the issues raised there were not

Appellant's final point for reversal is that the trial judge erred in allowing the appellee's attorney to ask leading questions. Appellant complains about a series of questions, particularly those asked of the city inspector, Mr. Howard Anderson, regarding the sale of appellant's mobile home in 1981, and the alleged zoning violation. Almost all of the questions asked required either a yes or no answer:

> Q. At any point in the past, have you heard Mr. Anderson testify or otherwise state that he sold that property to Mrs. Thorne on or about that date?
>
> A. I believe so.
>
> Q. Mr. Anderson, was it reported to your office anything relevant to a violation of any kind involving Mr. Anderson on or about August the 22nd?
>
> A. Yes, sir.
>
> Q. And in furtherance of that report, did you go to that property?
>
> A. That afternoon.
>
> Q. Did you confront or see Mr. Anderson, on that occasion?
>
> A. Yes, sir.
>
> Q. Did you observe a mobile home, in that area?
>
> A. Yes, sir.
>
> Q. Was this a R-1 zoned area, that this mobile home was situated on?
>
> A. Yes, sir.

Even though a question can be answered yes or no, it can hardly be classed as leading unless it suggests a particular answer. *Parker v. State*, 266 Ark. 13, 582 S.W.2d 34 (1979). But even if the questions here were leading, they were not prejudicial as there was no dispute as to the facts being elicited during this

---

argued in this cause below.

particular line of questioning. It is in the discretion of the trial court to permit a witness to be asked leading questions on direct examination, *Hamblin* v. *State*, 268 Ark. 497, 597 S.W.2d 589 (1980), and in this cause we find no abuse of that discretion.

Affirmed.

CRACRAFT, C.J., and MAYFIELD, J., agree.